## PETTENGILL *a.* MATHER.

*Supreme Court, First District; General Term, Nov.*, 1863.

IMPRISONED JUDGMENT-DEBTOR.—SATISFACTION-PIECE.—TENDER OF EXPENSES.

The imprisonment of a judgment-debtor under an execution against the person, and his release by consent of the plaintiff, do not operate as a satisfaction of the judgment.

A judgment-debtor demanding a satisfaction-piece, is bound to offer the instrument to be executed to the creditor, and to offer to pay the expenses of its execution.[*]

---

[*] In McBRAIR *a.* HANSON (*Supreme Court, First District; At Chambers, Feb.*, 1863), it was *Held*, that to put parties in contempt for disobedience of a judgment requiring them to execute an instrument of a certain form, a certified copy of the judgment and a copy of the instrument proposed, should be served a reasonable time for them to examine before the peremptory demand for the execution of the instrument is made.

This case came up on a motion for attachment against two defendants for disobedience of a judgment of the court.

This action was by John McBrair against Margaret H. Hanson, James McBrair, Jr., Eliza Marshall, and six others. The judgment in the case constituted and appointed the plaintiff trustee under the will of James McBrair, deceased, and provided for the leasing of certain unimproved property belonging to the trust-estate, and ordered "that the parties having estates in remainder do join in such leases of unimproved lands ;" the two defendants against whom this motion was

Appeal from an order denying a motion to compel a judg-
ment-creditor to execute a satisfaction-piece.

In March, 1861, Samuel M. Pettengill recovered judgment
against Robert F. Mather, for $1,536.08.   Subsequently the
plaintiff obtained an order for leave to issue an execution
against the person of the defendant, which was affirmed by the
general term.   (12 *Ante*, 436.)   Execution was accordingly
issued, and the defendant gave bail for the jail limits.   In
March, 1862, the plaintiff consented, in writing, that the
sheriff should release the defendant from imprisonment.   In
June, 1863, the defendant's attorney demanded of the plaintiff
a satisfaction of the judgment; but made no offer to pay the
expense of such satisfaction.   The plaintiff declined to give a
satisfaction of the judgment.   The judgment had never been
paid, unless the imprisonment and release constituted payment.

made, were among those having estates in remainder in the lands.   The affidavits
upon which the motion was made, stated that a lease drawn in pursuance of the
judgment had been shown to James McBrair, Jr., and Eliza Marshall, that they
were informed that such lease was in the form required by the judgment; that
they had each refused to execute it.

The defendants, in their affidavits, each denied having any knowledge of the
judgment or lease until the same were served on them with the notice of motion.

*Jonathan Nathan*, for the motion.

*Oliver Dyer*, opposed.—I. In order to sustain the motion, it is necessary for the
mover to show affirmatively that the parties sought to be attached, had personal
knowledge of the "lawful order and decree," at the time they were required to
perform.   In the very nature and essence of things, *contempt* implies *knowledge of
the thing contemned*.   Therefore, there can be no contempt until the party knows
that he *is* ordered and *what* he is commanded to do, and *when* and *under what circum-
stances* he is to do it.

II. The controlling papers on the motion are the very ones on which the de-
mand was made; nothing else is admissible in the argument, except affidavits of
demand and service.   The moving papers do not show that the defendants had
been served at or before the time of the demand with any of the papers necessary
to lay a foundation for this motion, and our affidavits are explicit in negation of
all knowledge.

BARNARD, J.—To put the parties in contempt, a certified copy of the judgment
and a copy of the lease which they are required to execute, should be served upon
them a reasonable time for them to examine the same before a peremptory de-
mand for the execution of the lease.

The papers do not show such service.

Motion denied without prejudice to a renewal after such service shall have been
made.

Defendant's motion, that plaintiff be required to satisfy the judgment was denied by Mr. Justice Barnard, and the present appeal was taken.

*Cornelius Fiske*, for the appellant, cited 7 *Cow.*, 276; 8 *Id.*, 173; 3 *Wend.*, 186; 5 *Johns.*, 364; 20 *How. Pr.*, 336; 3 *Paige*, 365; 9 *Cow.*, 138; 20 *Johns.*, 294.

*Amos G. Hull*, for the respondent.—I. The moving papers are defective in not showing that defendant offered to pay the expense of the satisfaction. The payment of the fees by the defendant, is a *condition precedent* to the acknowledgment of the satisfaction. (2 *Rev. Stat.*, 362; Briggs *a.* Thompson, 20 *Johns.*, 294.)

II. The case is within the provisions of the Laws of 1857 (ch. 427).

III. It is respectfully submitted, whether it is an *absolute* satisfaction of the judgment any longer than while the arrest continues. (Sunderland *a.* Loden, 5 *Wend.*, 58, 90; Wakeman *a.* Lyon, 9 *Id.*, 241; 3 *Cow.*, 331; 3 *Paige*, 365.)

By the Court.*—Leonard, J.—The order appealed from should be affirmed. The defendant is entitled to the benefit of the discharge only as a defence to future legal proceedings against him. He was also bound, if entitled to a satisfaction, to prepare it and attend the plaintiff with it, and offer to pay the expense of its execution. The authorities cited, do not bear out the defendant's proposition. In most of the cases cited, the judgments sought to be satisfied of record, have been paid.

Order affirmed with costs.

---

* Present, Sutherland, P. J., Leonard and Barnard, JJ.