## KRULDER v. HILLMAN.

(Supreme Court, Special Term, Kings County. December 19, 1907.)

MORTGAGES—SATISFACTION—EXECUTION OF SATISFACTION PIECE.

Code Civ. Proc. § 1261, provides that the person entitled to enforce a judgment must execute a satisfaction piece thereof on presentation of the satisfaction piece and payment of the sum due and the fees allowed for taking the acknowledgment of a deed. Section 3298, subd. 2, allows 25 cents for taking an acknowledgment of a deed. A mortgagor having paid the mortgage, the mortgagee refused to deliver up the bond and mortgage unless the mortgagor would receive a satisfaction piece prepared by the mortgagee and pay therefor $2.50, and the mortgagor claimed that he was entitled to a delivery of the securities and a satisfaction piece free of charge. Held, that the mortgagor was entitled to prepare a satisfaction piece and have it executed by the mortgagee on payment of a fee of 25 cents.

Action by Bernard J. Krulder against Caroline Hillman. Judgment in favor of plaintiff.

Robert Stewart, for plaintiff.
George H. Harmon, for defendant.

CRANE, J. The plaintiff is the owner of certain real property in Brooklyn on which the defendant held a mortgage of $260 which was duly recorded in the Kings county register's office. Prior to the com-

mencement of this action the full amount due upon the mortgage was paid, but the defendant failed and refused to deliver up the bond and mortgage unless the plaintiff would receive a satisfaction piece thereof prepared by him and pay therefor $2.50. This the plaintiff refused to do, and has brought this action to compel the mortgagee to deliver up the original securities and also give a satisfaction piece free of charge. The issue between the parties is this: The defendant insists that he is entitled to hold the papers until the plaintiff pays him the cost of preparing and executing his own satisfaction piece, while the plaintiff claims the right to his papers and to a satisfaction piece without cost.

In Halpin v. Phœnix Insurance Co., 118 N. Y. 165, at page 177, 23 N. E. 482, at page 485, it is stated as follows:

"A mortgagor, who pays a mortgage, has a legal right to have the mortgage satisfied on the record. In no way, except by a certificate of the holder of the mortgage, can that result be accomplished. It is within the terms of the contract between the parties, and is a thing which, on payment of the debt, the mortgagee is under an obligation to do, and one which a court of equity would compel him to do. It is a condition, therefore, which the mortgagor has a right to attach to the tender of the debt, and does not destroy its effect."

Upon examination of the record in this case, however, I find that the tender was made to the mortgagee of the expenses of executing the satisfaction piece, so that this authority does not conflict with Pettengill v. Mather, 16 Abb. Prac. 399, which decides that a judgment debtor must prepare the satisfaction piece of the judgment and tender payment to the creditor of the expense of executing the same. Following this Pettengill Case section 1261 of the Code of Civil Procedure provided as follows:

"The person, entitled to enforce a judgment, must execute, and acknowledge before the proper officer, a satisfaction piece thereof, at the request of the judgment debtor, or of a person interested in the property bound by the judgment, upon presentation of a satisfaction piece and payment of the sum due upon the judgment, and the fees allowed by law for taking the acknowledgment of a deed."

The fees allowed by law for taking an acknowledgment of a deed are 25 cents. Section 3298, subd. 2, of the Code of Civil Procedure. There is no reason why the method of procuring a satisfaction piece from a mortgagee should not follow the practice in obtaining a satisfaction piece from a judgment creditor. Reeves on Real Property says, at page 677:

"While it is ordinarily the rule of law that a debtor cannot demand a receipt or other evidence of satisfaction as a condition precedent to his payment of the debt, and that such a demand, accompanied by an attempted tender, vitiates the tender, yet, since the mortgage is generally on record, and, if not canceled of record, will remain as an apparent incumbrance on the land, it is said that the party entitled to pay the debt has a right to demand a satisfaction piece, or its equivalent, from the creditor, as a condition precedent to such payment, and that, if he put the creditor to no unnecessary trouble or expense, he may make a valid legal tender of the mortgage debt, though he attach as a condition thereto the demand that he shall be supplied with such evidence of payment. Therefore, if he have a satisfaction piece prepared and all the facilities for its due execution present, he can tender payment in full on condition that the mortgagee execute and deliver the satisfaction piece, and if the latter refuse to do this the tender is nevertheless valid and effectual."

Thomas on Mortgages says, at page 290:

"A person demanding a certificate of satisfaction of a mortgage should prepare the instrument and present it to the mortgagee, at the same time offering to pay the expenses of the execution."

It therefore follows that a mortgagee cannot insist upon preparing the satisfaction piece and charge the mortgagor therefor, but that the mortgagor may himself prepare the satisfaction piece and, upon the payment of the mortgage debt, present the satisfaction piece thus prepared to the mortgagee and tender him the fee specified in section 3298 of the Code of Civil Procedure, to wit, 25 cents, and the mortgagee will be obliged to sign and acknowledge the same.

In this case the defendant was in the wrong. He should at least have given to the plaintiff the bond and mortgage when the full amount was paid; but he was not obliged to give his prepared satisfaction piece without payment of the expenses. I do not find from the evidence that the plaintiff presented him with a drawn satisfaction piece, requesting execution upon the tender of the notary's fee.

My decision is that the defendant deliver to the plaintiff the bond and mortgage herein, and that within 10 days the plaintiff prepare a satisfaction piece, present it to the defendant, and tender him the notary fees, or take a notary or commissioner to the defendant and demand execution of the same; and I direct the defendant mortgagee, when these conditions are complied with, to execute the instrument. I award no costs.