### DANCHES et al. v. PARISER.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

CHATTEL MORTGAGES (§ 172*)—REPLEVIN BY MORTGAGOR—TENDER OF AMOUNT SECURED.

Before the mortgagor can maintain replevin against the mortgagee for mortgaged chattels, there must be an actual tender of the amount secured by the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 306–308, 310–315; Dec. Dig. § 172.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Danches and another, partners as Danches & Gold, against Joseph Pariser. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Edward P. Sobel, of New York City, for appellant.
Joshua S. Shapiro, of New York City, for respondents.

LEHMAN, J. The plaintiffs have brought a replevin action for the possession of certain chattels. In the complaint they allege that they had given a chattel mortgage for $170 on this property to the defendant, and had tendered to the defendant this amount. The trial justice rendered judgment in favor of the plaintiffs, awarding them possession of the chattels, or their value, and the costs of the action, and further adjudging:

"That the defendant have a lien on the said boxes and bottles for the sum of $170, which was duly tendered to the defendant by the plaintiffs prior to the commencement of this action, and which is now on deposit with the clerk of the court, and the sum of $3.60, his lien as an artisan."

If the defendant has a lien upon the chattels, then the plaintiffs are not entitled to the possession of the chattels, and the judgment in their favor, with costs, is erroneous. It is claimed in the briefs that this sum of $3.60 has been tendered, but nowhere do I find any statement of this fact in the record.

The record on appeal, owing to the loss of the stenographer's minutes, consists of an affidavit containing a statement of the testimony. From this statement it appears that the chattel mortgage was given to secure a loan of $170, payable on demand. On May 5th, the defendant demanded this sum, and the plaintiff offered to pay, provided that the defendant would go with him to a notary to execute a satisfaction

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

piece; but he offered to execute, at his own house, a satisfaction piece prepared by his son.

It would seem that the plaintiff had a right to demand of the defendant the execution and delivery of a satisfaction piece, and a tender of the amount due on the mortgage, coupled with a condition that the defendant execute and deliver such a satisfaction piece, is a valid tender. Halpin v. Phenix Ins. Co., 118 N. Y. 165, 23 N. E. 482. The defendant was, however, required to execute and acknowledge a satisfaction piece only upon a tender to him of a properly prepared satisfaction, together with the lawful fees for its acknowledgment, and he was not required to go with the plaintiff to any place other than the place where the tender was made, for the purpose of taking the acknowledgment before a notary of plaintiff's selection. On the other hand, he could not require that the plaintiff employ his son to prepare such a satisfaction. Krulder v. Hillman, 57 Misc. Rep. 209, 107 N. Y. Supp. 727.

Upon this record, without having before us the actual testimony given, it is impossible for us to determine whether any actual tender was made, and, if so, whether the tender was intended and understood to be coupled with a requirement that the defendant should immediately accompany the plaintiff to a particular notary's office, or whether the defendant would accept payment only upon condition that the satisfaction piece be prepared by his son.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

PAGE, J. (concurring). I concur in the reversal. The affidavit purporting to state the testimony does not show any tender of the $170, but merely an offer to pay on condition that a satisfaction piece should be given. A mere conditional offer to pay is not equivalent to an actual tender. Jones v. Seaman, 133 App. Div. 127, 130, 117 N. Y. Supp. 288, and cases cited. The determination of appeals upon affidavits in lieu of stenographer's minutes is very unsatisfactory. The loss of the original minutes by stenographers in the Municipal Courts is altogether too frequent. I would suggest that such carelessness shows an unfitness for the position of official stenographer.

BIJUR, J., concurs in result.