**ROGERS v. MILLIKEN OIL CO. et al.**

No. 7326—Opinion Filed Oct. 24, 1916.

Rehearing Denied Nov. 14, 1916.

Second Petition for Rehearing Denied January 9, 1917.

(161 Pac. 799.)

**1. Damages—Oil and Gas Lease—Forfeiture —Liability for Damages.**

Assuming, without deciding, that an action in damages lies for failure by the lessee or his assigns to execute upon demand a release of an oil and gas mining lease which had become forfeited, held that, the plaintiff having relied for proof of measure of damages upon an alleged contract for sale of a lease upon the same land, he must prove either that he had a valid contract with such prospective purchaser, enforceable according to its terms, had the release by defendant been executed,

or that such prospective purchaser would have completed the contract, regardless of its enforceability, had such release been executed.

## 2. Same.

Evidence examined, and held, that the plaintiff in this case failed to prove a contract enforceable had the defendant executed a release, or that the prospective purchaser would have completed the same upon the execution of such a release, and that therefore a demurrer to the evidence was properly sustained.

(Syllabus by Burford, C.)

Error from District Court, Pawnee County; L. M. Poe, Judge.

Action by J. L. Rogers against the Milliken Oil Company and another. From a judgment for defendants on a demurrer to the evidence, plaintiff appeals. Affirmed.

McNeill & McNeill and L. V. Orton, for plaintiff in error.

Rice & Lyons, for defendants in error.

Opinion by BURFORD, C. The gist of plaintiff's action was that he was the owner of '160 acres of land in Pawnee county; that he had executed an oil and gas mining lease thereon which had passed by various assignments thereof to one Turner and the Milliken Oil Company; that such lease provided that it should continue for a term of two years, or as long as oil or gas was found in paying quantities. By certain provisions it appeared that upon the payment of certain sums the life of the lease might be extended for a period of about two and one-half years from the date of its execution; that a dry hole had been drilled upon the land by the Milliken Oil Company, and that no payments having been made and no oil or gas having been found within the two years, that the lease became forfeited by its terms; that thereafter a well was drilled near this land which caused its leasing value to become quite large, and that plaintiff had an opportunity to lease the same to one P. D. McConnell for the sum of $8,000 bonus and $3,000 rental, upon procuring an abstract of title to said land which "would show the same free and clear from any defect"; that the abstract of title was submitted and a release from the Milliken Oil Company and Turner requested by the examining attorney to perfect the title; that plaintiff requested the execution of such release, which was refused, and that by reason thereof the plaintiff could not complete his contract with McConnell, to his damage in the amount of the bonus and the rental. It was also alleged that shortly after the release was demanded and refused a dry

hole was drilled near plaintiff's land, which caused it to entirely lose its leasing value.

It was further pleaded that there was a general custom in the neighborhood of this land, known to defendant, to execute releases of oil and gas leases which had expired.

Upon the trial the evidence developed facts in relation to the execution and delivery of the lease assigned to the Milliken Oil Company; that such lease had become forfeited, and that the Milliken Oil Company claimed no interest in the land, but had refused to execute the release requested because both Turner, its assignor, and plaintiff, the original lessor, were each demanding that a release be made to them respectively; that plaintiff had entered into a contract, which, if it was in writing, is not contained in the record, with an agent of McConnell, to lease this land upon the terms and for the sums alleged in the petition; that the agent was orally authorized by McConnell to make such contract. A lease was executed by Rogers and wife and deposited in the bank, together with a draft for $8,000 drawn on McConnell and payable "upon approval of abstract." The abstract was made up and forwarded to McConnell at Tulsa and submitted ·to Benjamin Rice of the firm of Rice & Lyons, attorneys at Tulsa. Mr. Rice called the attention of Rogers to the lease to Turner and the Milliken Oil Company, and stated that a release of their interests must be obtained. No other objection was then made. Rice & Lyons, however, were not McConnell's attorneys, but represented some parties to whom McConnell was trying to sell the lease. After much correspondence the Milliken Oil Company refused to execute a release. It was shown that Turner would have released had the Milliken Oil Company done so. There was proof sufficient to go to the jury upon the question of McConnell's financial responsibility for the purchase price and rental prescribed in the new lease.

It is plaintiff's theory, based upon Campbell v. Harsh, 31 Okla. 436, 122 Pac. 127, and kindred cases in this court, that the lease held by defendants constituted a cloud upon his title for the reason that it would require evidence dehors the record to establish that no oil or gas had been found in paying quantities within the two years, and that the prescribed rental had not been paid; that a duty rested upon the defendants, after their rights under the lease ceased, to execute a release of record; and that by failing to perform this duty they

had rendered themselves liable in damages. Assuming, without deciding, that all these propositions are sound, it remains to be seen whether or not plaintiff made proper proof of damage. He relied solely upon the special damage arising out of the failure of his contract with McConnell. To establish such damage it seems clear that he must prove either that he had a valid enforceable contract, had the release by defendant been executed when demanded, or that, had such release been so executed, McConnell would have completed the contract, regardless of its enforceability against him.

The second condition is eliminated by McConnell's undisputed testimony that he would not have paid the draft and taken up the lease had the Milliken release been properly obtained, for the reason that he only desired the lease to resell it, and that his prospective purchaser declined to buy. The plaintiff is then remitted to the theory of an enforceable contract. Again assuming, without deciding, the legal existence of all other elements of the validity of this contract with McConnell, it clearly appears from the exhibits filed in the cause that plaintiff, had the Milliken release been executed, did not under his own theory have a title "free and clear of any defect," the kind of title which his amended petition alleges he was bound to deliver to McConnell. The claim of title shows an unreleased oil and gas mining lease, dated March 11, 1904, to the Independent Oil & Gas Company, which, if the rentals therein provided had been paid and accepted, would not expire until 15 years from its date. Under plaintiff's theory it would require evidence dehors the record to establish nonpayment of these rentals, and therefore this lease would be a cloud upon his title.

There also appears an absolute grant of one-sixteenth of the oil and gas under 80 acres of the land described. This instrument has no drilling or rental terms, and is unreleased.

There also appears an unreleased oil and gas lease to the Big Wolfe Oil & Gas Company, which, under plaintiff's theory, is also a cloud on title and two unreleased mortgages all prior in date to the lease assigned to defendant, and, of course, to the lease tendered McConnell. Although the question was asked, it is not shown in the record that the abstract would have been approved in spite of these defects had the Milliken release been executed. True, this was the only defect called to plaintiff's attention by Rice, but there is no evidence that had the abstract been finally submitted to him he would not have found other defects or that McConnell had agreed to be bound by his opinion. Under this state of fact it must be held that plaintiff failed to prove that he could have enforced his contract with McConnell except for the fault of defendant, and therefore failed to prove any damage resultant from defendant's failure to act. This cause arose prior to the passage of the act (Sess. Laws 1915, p. 605) requiring the execution of a release of expired leases, and that act is not considered herein.

The judgment of the trial court sustaining the demurrer to the evidence was correct, and is affirmed.

By the Court: It is so ordered.