## HASQUET et ux. v. BIG WEST OIL CO.

Circuit Court of Appeals, Ninth Circuit.
November 5, 1928.

No. 5487.

R. L. Clinton, of Shelby, Mont., and I. Parker Veazey, Jr., of Great Falls, Mont., for appellants.

John E. Orr, of Spokane, Wash., for appellee.

Before RUDKIN and DIETRICH, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, Circuit Judge. So far as deemed material to a proper understanding of the questions presented for decision, the allegations of the complaint in this case are as follows: That on April 15, 1921, the plaintiffs entered into a contract with one Allen, agreeing to lease to him the oil and gas privileges underlying certain lands owned by the plaintiffs in the state of Montana; that, pursuant to this contract, the plaintiffs executed and delivered the oil and gas lease to Allen; that on July 14, 1921, Allen assigned the oil and gas lease to the defendant, and the lease and the assignment were placed of record; that, at the time of the execution and delivery of the oil and gas lease, the plaintiffs were, ever since have been, and now are, the owners of the premises therein described; that, during the first part of August, 1921, the defendant promised and agreed to pay to the plaintiffs the sum of $640 as provided in the contract for the oil and gas lease, but has wholly failed and refused to do so; that on April 28, 1922, the plaintiffs instituted a suit in the court below against Allen, the defendant herein, and others to annul and cancel the oil and gas lease; that more than 20 days prior to the commencement of the suit the plaintiffs demanded of the defendant a release of the oil and gas lease, but the defendant refused to release or cancel the same of record; that thereafter an amended complaint was filed, evidence was taken, and a decree followed canceling and annulling the oil and gas lease, and that, by reason of the failure and refusal of the defendant to pay the sum of $640 as agreed, and to release the oil and gas lease, the plaintiffs suffered certain damages by reason of the foreclosure of mortgages, and otherwise. A demurrer was interposed to this complaint on the ground that it failed to state facts sufficient to constitute a cause of action, but the demurrer was overruled. An answer and reply were thereafter filed, and the case came on for trial before a jury. At the commencement of the trial, the defendant objected to the introduction of any testimony under the complaint for the reason, among others, that it failed to state facts sufficient to constitute a cause of action. The objection was sustained, and a motion to dismiss followed. The motion to dismiss was granted, and a judgment of dismissal was entered accordingly, from which this appeal was prosecuted.

From the foregoing statement it will be seen that the defaults charged against the appellee were two: First, a breach of the agreement to pay the sum of $640, and, second, a breach of duty in failing and refusing to release and discharge the oil and gas lease of record.

The rule is well settled that the measure of damages for failure to pay money is the amount stipulated to be paid, with interest at the legal rate during the period of detention, except where the obligation to pay is special and has reference to objects other than the mere discharge of a debt. 17 C. J. 863. Here the obligation to pay was general.

Again, we think there was no right of action at common law for failure to satisfy a mortgage or to release or discharge a lien or other claim against property. In Barquin v. Hall Oil Co., 28 Wyo. 164, 201 P. 352, 202 P. 1107, the court said:

"In the case of Mickie v. McGehee, 27 Tex. 135, the only case on record, so far as we have been able to discover, directly deciding part of the points raised by counsel of plaintiffs, a demand was made for the release of a chattel mortgage, and it was alleged that the refusal to release 'was malicious, and for the purpose of vexing and harassing the plaintiff,' who had been thereby compelled to employ attorneys at great expense, etc., for which he claimed damages.' The court, without saying what it would hold where special damages were shown, held that plaintiff was entitled to a decree of cancellation together with costs, and to nothing more. In Pettengill v. Mather, 16 Abb. Prac. (N. Y.) 399, and Krulder v. Hillman, 57 Misc. Rep. 209, 107 N. Y. S. 727, it was held that, before the plaintiff in a suit to compel the cancellation of a lien can recover his costs, it must appear that the person demanding a cancellation piece must offer the instrument to be executed, as well as the expenses of the exe-

cution. In the case of Morrill v. Title, etc., 94 Wash. 258, 267, 162 P. 360, 163 P. 733, 734, it was stated that no damages were recoverable at common law for the failure to satisfy a mortgage—and the same rule would obtain in the case of other releases—and that the only right of action was in equity. That this is undoubtedly true is clearly shown by the absence of decisions allowing damages under the common law and by the course of legislation in the United States. In at least 34 states statutes have been passed, requiring, under penalty the release of record of mortgages or other liens after they have been satisfied or otherwise discharged. The case of Rogers v. Milliken Oil Co., supra [62 Okl. 147, 161 P. 799], discloses that the Oklahoma Legislature in 1915 required the cancellation of void oil and gas leases, and the case of Elliott v. Oil Co., 106 Kan. 248, 187 P. 692, shows that the Legislature of Kansas passed a similar act in 1909. Hence to approve of the rule contended for by counsel for plaintiffs would be nothing less than to engage in judicial legislation, which we must refuse to do. If any remedy is needed, that must in such case be asked at the hands of the Legislature."

Counsel for the appellant frankly concedes that there is no precedent for this action so far as he has been able to discover, and the court has found none. The situation disclosed by the complaint is not an uncommon one, and the absence of precedents is convincing proof that no such right as that asserted by the plaintiff exists independently of statute.

The judgment is therefore affirmed.