## WARD et al. v. MID-WEST & GULF CO.

No. 11785—Opinion Filed Nov. 13, 1923.

Rehearing Denied Feb. 19, 1924.

**1. Appeal and Error—Review of Findings —Oil Lease—Compliance with Escrow Agreement.**

Where an oil and gas mining lease has been delivered in escrow, a finding of the trial court that the contract for the purchase thereof has been complied with will not be disturbed where such finding is not clearly against the weight of the evidence. Record examined, and held, that finding of trial court in favor of validity of prior oil and gas mining lease delivered in escrow is proper, and will not be disturbed.

**2. Libel and Slander—Slander of Title—Assertion of Oil Lease—Good Faith—Oil and Gas Mining Leases.**

Where an oil and gas mining lease has been delivered in escrow under negotiations for the purchase thereof, and a second oil and gas mining lease is made, executed, and delivered to another lessee in good faith, and said lessee asserts and litigates his claim based on said oil and gas mining lease, a finding of the trial court that the lessor and lessee acted in good faith in the making, executing, and delivering of said lease defeats a recovery of damages for slander of title.

**3. Same—Lack of Malice—Denial of Damages.**

Malice or want of good faith and want of probable cause are essential elements of the action of slander of title, and damages cannot be recovered where it appears that such element is absent. Where defendant acts in pursuance of a bona fide claim which he is asserting honestly, although without right, as eventually appears from an adjudication by a court of competent jurisdiction, such defendant will not be penalized in damages for asserting such bona fide claim in good faith. The trial court in the instant case made a finding of fact that defendant's claim was bona fide, asserted honestly, and in good faith. Held, that such finding of fact is in accord with the evidence, and the judgment should be rendered thereon, denying plaintiff's claim for damages.

**4. Same—Scope of Equity Jurisdiction— Award of Damages—Reversal.**

A court of equity will settle the entire controversy before it, even to the extent of adjudicating matters of purely legal cognizance. In awarding damages, however, a court of equity follows the ordinary principles of legal jurisprudence. Damages based on a claim of slander of title cannot be awarded when it appears that the alleged slander consists of an honest claim asserted in good faith.

Record examined, and held, finding of trial court to effect that defendant acted in good faith is supported by the evidence.

Held, further, that judgment awarding damages is contrary to this finding and contrary to law.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Rogers County; C. W. Mason, Judge.

Action by the Mid-West & Gulf Company against Lena E. Ward and others. Judgment for plaintiff, and defendants bring error. Affirmed in part and reversed in part.

Carroll, O'Meara & Silverman, for plaintiffs in error.

Rogers & Jones, for defendant in error.

Opinion by LYONS, C. The parties will be designated as in the court below. The plaintiff in the court below conducted negotiations with Lena Ward for the purpose of obtaining an oil and gas mining lease on her land. An escrow agreement was entered into for the taking of such lease, and while this transaction was pending a second oil and gas mining lease was made by Lena Ward to Hicks and assigned to Goble. The defendants contended that the transaction with plaintiff was never consummated, and asserted the validity of the second lease. The action of the plaintiff in the court below had two aspects:

(a) The securing of a judgment quieting its title to the oil and gas mining lease.

(b) The recovery of a judgment against the defendants based on the theory that defendants' claim had constituted a slander of title which prevented the plaintiff from making an advantageous sale.

The court below found the issues in favor of the plaintiff, and rendered judgment declaring plaintiff's oil and gas mining lease to be valid and superior to the claims of the defendants. On the issues of damages the court found for the plaintiff also, and rendered judgment in the sum of $400.

We are convinced that the judgment upholding the validity of plaintiff's oil and gas mining lease is correct, and no serious contention is made to the contrary.

However, it is contended that the judgment awarding money damages is wholly erroneous as contrary to the findings of fact, and contrary to law. This is the serious question in the case.

The plaintiff alleges that the taking by the defendants of an oil and gas mining lease in contravention of its title, and the recordation of the same, created a cloud on the plaintiff's title, and makes an allegation that plaintiff has been damaged thereby in the sum of $5,000. The defendants denied this contention after saving their exception to the sufficiency of the allegation as a basis for damages.

The court made the following finding of fact:

"The court finds that the evidence is insufficient to show any bad faith, either in B. G. Goble, J. D. Hicks, Lena E. Ward, Clem A. Ward, or Sarah C. Ward, and therefore finds that there was no bad faith on the part of either of the defendants."

The defendants contend that in view of this finding of fact the judgment of the court awarding damages is contrary to this finding and is contrary to law.

We address ourselves wholly to the cause of action attempted to be stated sounding in tort for which the plaintiff seeks to recover damages. The petition in so far as cause of action for damages is set out, attempts to state a cause of action in tort in the nature of an action of trespass on the case for special damages.

Such an action is denominated slander of title. We think that this classification should be resorted to for the purpose of testing the sufficiency of the pleadings to state a cause of action, and to test the sufficiency of the evidence introduced by plaintiff, and the sufficiency of the findings of fact to support the judgment.

The rules defining a cause of action in this character of case, and the prerequisites thereto necessary to be alleged and proved are set forth in 25 Cyc., at pages 558 and 559:

"An action for slander of title is an action of tort, and is not properly for words spoken, or for a libel written or published, but an action in the nature of an action of trespass on the case for special damages sustained by reason of the speaking or publication of the slander of plaintiff's title. The cause of action is denominated slander of title, by a sort of figure of speech, in which the title is personified and made subject to many of the rules applicable to personal slander when the words themselves are not actionable.

"(b) Nature of property affected. Slander of title or property may be predicated of either real or personal property. An action will lie for slander of title to letters patent, copyrights, or trademarks.

"(c) Prerequisites to right of action. First. In General. In order for plaintiff to recover in the action he must prove: (1) The uttering and publishing of the slanderous words; (2) that they were false; (3) that they were malicious; (4) that he sustained special damage thereby; and (5) that he possessed an estate or interest in the property slandered.

"Second. Falsity. In order to. maintain the action it is necessary to establish that the words published were false. If the alleged defeat or infirmity in' title or property exists, the action will not lie, however malicious the intent to injure may have been, because no one can be punished in damages for speaking the truth. Indeed it is held that in order to constitute malice there must be a false statement.

"Third. Malice. (a) In general. Malice is a necessary ingredient to entitle plaintiff to recover. Indeed it is said that malice is the gist of the action." (25 Cyc. 558, 559, and 560.)

The further rules relative to an action of this kind, which is generally denominated slander of title, are discussed in the following authority:

"Again, this action cannot be maintained without showing malice, and want of probable cause. If what the defendant did was in pursuance of a bona fide claim which he was asserting honestly, and especially if he was acting under the advice of counsel, though without right, he will not be liable." (Stark v. Chitwood, 5 Kan. 141, at pages 144-5.)

See, also, Wilson v. Dubois (Minn.) 29 N. W. 68; Burkett v. Griffith (Cal.) 27 Pac. 527; 4 Sutherland on Damages, section 1223; Stevenson v. Love, 106 Fed. 466; Pollard v. Lyon, 23 L. Ed. (U. S.) 308.

It seems clear to us that the plaintiff, in view of the court's finding of defendants' good faith. did not make out a case authorizing the awarding of damages.

The contention of the plaintiffs in error that a court of equity will settle the entire controversy before it, even to the extent of adjudicating matters of purely legal cognizance, is of course well settled. However, courts of equity award damages only when a good cause of action has been made out under the established principles of jurisprudence. The finding of the court in this case to the effect that the defendants acted in entire good faith defeats any theory upon which damages might be awarded, for the wrongful clouding of plaintiff's title. See, also. Rogers v. Milliken. 62 Okla. 147, 161 Pac. 799.

Both the English and the American cases hold that malice is an essential ingredient of the cause of action. Some of the authorities declare that malice is the gist of the action. See Hargrave v. Breton, K. B. 1769, 9 Eng. Rul. Cases, p. 178, Smith v. Spooner, 3 Taunton, 246-256, 9 Eng. Rul. Cases 123; Townshend, Slander and Libel, pages 203-208.

· The reason for the rule is apparent. If it were otherwise, a party claiming in good faith an interest in real estate would not be entitled to litigate his claim and have an adjudication without fear of being penalized in damages. This is not the theory of the law, and is contrary, so far as we are advised. to the unbroken line of authorities.

The judgment of the lower court quieting title in the plaintiff, is correct and is affirmed. The judgment of the court awarding damages to plaintiff is erroneous, and is reversed, with instructions to render judgment for the defendants, denying the claim of plaintiff for damages.

By the Court: It is so ordered.