## JONES et al. v. EXCHANGE NAT. BANK OF MUSKOGEE.

No. 15277—Opinion Filed June 9, 1925.

Rehearing Denied Feb. 22, 1927.

**1. Husband and Wife—Liability for Loan to Husband—Lack of Agency.**

In an action against the wife for money loaned the husband, the agency of the husband must be proved; and, where there is no evidence tending to prove agency, a demurrer to the evidence should be sustained.

**2. Pleading—Error to Permit Amendment Changing Claim After Evidence In.**

It is reversible error to permit, after the evidence is in, an amendment to plaintiff's petition so as to change substantially his claim and the defense thereto.

**3. Judgment not Sustained.**

The judgment is not sustained by the evidence.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Wagoner County; Enloe V. Vernor, Judge.

Action by Exchange National Bank of Muskogee, Okla., against Minerva Jones and P. A. Lewis. Judgment for plaintiff and defendant Minerva Jones appeals. Reversed.

Wesley, Atkins & Chandler, for plaintiffs in error.

Watts & Watts and E. J. Broaddus, for defendant in error.

Opinion by RAY, C. It is necessary to consider only three assignments of error: (1) That the trial court erred in overruling defendant's demurrer to plaintiff's evidence; (2) that there was an abuse of discretion upon the part of the trial court in permitting a trial amendment to plaintiff's petition, which changed substantially the claim and defense; (3) that the judgment is not sustained by the evidence.

The plaintiff bank, in its petition, alleged that on the 29th day of January, 1923, it advanced and loaned to the defendant Minerva Jones the sum of $1,710.13, which was to be repaid immediately but the defendant had failed, neglected, and omitted to make

payment; that the defendant Minerva Jones was a nonresident of Oklahoma and a resident of the District of Columbia, but was the owner of certain real estate described, and that it was entitled to a lien upon the property by attachment by reason of the nonresidence of the defendant. The writ of attachment was sued out and levied upon the land. The defendant Minerva Jones appeared and answered by general denial.

Plaintiff's evidence was that on the 29th day of January, Charlie Jones, husband of the defendant Minerva Jones, called W. T. Wisdom, vice president of the plaintiff bank, over the telephone, and asked to be financed to the extent of $1,710.13 by the bank issuing its cashier's check in that amount to pay a mortgage against his wife's property; that on the same day he also called over the telephone an attorney-at-law, who was and had been acting for him and his wife as their attorney in other matters, and directed him to get the cashier's check and send it to Gum Brothers, in Oklahoma City, in payment of the note and mortgage; that the attorney went to the bank and under direction of Mr. Wisdom, vice president of the bank, a cashier's check was issued payable to the order of the attorney and delivered to him. He indorsed it to the order of Gum Brothers, and forwarded it to them in Oklahoma City. In due course the release of the mortgage was received by the attorney, who transmitted it to the county clerk of Wagoner county, where the land was situated for recording, together with his check for 75 cents to pay the recording fee. W. T. Wisdom testified that he understood that he was advancing the money to the husband and the wife and that the bank was to hold the security, although, according to the detailed conversation had with Charlie Jones over the telephone, the only reference to the wife was that he wanted the money to pay the mortgage on his wife's land and that they would be down in a few days and fix the matter up. The attorney testified that he understood that in getting the cashier's check he was representing both husband and wife, but in the telephone conversation, detailed by him, the only reference to the wife was that the money should be transmitted to pay off the mortgage on his wife's land. It is not contended that the defendant had any knowledge of the transaction until after her husband's death, more than 30 days after the transaction.

Plaintiff's right to recover rested upon the agency of the husband; but there was no evidence even tending to sustain the claim of agency. Defendant's demurrer to plaintiff's evidence should have been sustained.

The defendant Minerva Jones testified by deposition taken in the District of Columbia, that her husband never, at any time, acted for her as agent in this or any other matter; that she had never carried an account in the plaintiff bank; that she had no knowledge of this transaction until after the death of her husband on the 7th day of March, when, in a conversation with the attorney, he told her of the transaction and of his advancing 75 cents to pay the fee for recording the release of the mortgage, and that she then reimbursed the 75 cents; that in a conversation with W. T. Wisdom, vice president of the plaintiff bank, after the death of her husband, he, Wisdom, said to her that she was lucky that her husband had paid off the mortgage on her land before his death; that no claim had ever been made to her that she was indebted to the bank, and that the first she knew of this claim was when she received notice that the suit had been filed. W. T. Wisdom, being called in rebuttal, admitted that he had told the defendant that she was lucky that her husband had paid off the mortgage. There was no conflicting evidence as to any material matter.

After the evidence was in, plaintiff was permitted, over the objection of defendant, to amend its petition so as to claim the right of subrogation to all the rights and equities of Gum Brothers, mortgagee, upon the theory that Minerva Jones had received the benefit of the loan and that she had, by reimbursing the attorney for the 75 cents advanced by him to pay for recording the release of the mortgagee, ratified the action of her husband in borrowing the money and, over the objection of the defendant, the jury was discharged and judgment rendered against Minerva Jones for $1,710.13 and interest and foreclosure of the mortgage to Gum Brothers for the benefit of the bank, and awarding the plaintiff an attorney's fee of $160.

The plaintiff did not actually file an amendment to its petition, but in the decree the petition was treated as having been amended. Section 318, Comp. St. 1921, provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleadings, * * * * by inserting the allegations material to the case, or conform the pleading or proceeding to the facts proved, when such a-

mendment does not change substantially the claim or defense. * * *"

While our Code is liberal in amendments and this court is liberal in construing amendments, and a broad discretion is lodged with the trial court in such matters, it has always been held reversible error to permit an amendment which changes substantially the claim or defense. Avery v. Jayhawker Gas. Co., 101 Okla. 286, 225 Pac. 544, and cases there cited.

The issue upon which trial was had was that of agency. The issues tendered by the amendment, after all the evidence was in, were ratification and subrogation. The amendment made a material change of plaintiff's claim and the defendant's defense. It was reversible error to permit the amendment.

The evidence does not sustain the contention that the bank was in any way obligated to, or did, pay off the mortgage to Gum Brothers. The evidence was that the cashier's check was made payable to the attorney, who appeared for Charlie Jones, and there was nothing said to him about reserving the security for the benefit of the bank. He caused the release to be filed without any suggestion to him from the bank that it should not be done.

It is clear that Minerva Jones had never ratified the loan. The contention that, by reimbursing the attorney the amount of the recording fee, she ratified the transaction is not tenable. The transaction was not with the bank and could not be held to be a ratification of anything more than the filing of the release after the mortgage had been paid.

There was no evidence to sustain the judgment. For the reasons stated, the judgment is reversed, with directions to vacate the judgment and enter judgment for the defendant Minerva Jones.

By the Court: It is so ordered.

Note.—See under (1) 30 C. J. p. 850. (2) 31 Cyc. p. 402. (3) 4 C. J. p. 1164.