SANDERS et ux. v. BANK OF WOODWARD.

No. 21931.    Sept. 18, 1934.

Ruby Turner Looper and A. W. Billings, for plaintiffs in error.

L. A. Foster, for defendant in error.

PER CURIAM. This action was originally commenced in the district court of Woodward county, Okla., by the Bank of Woodward, a corporation, defendant in error, to have a certain deed executed by L. T. Sanders and Josephine C. Sanders, his

wife, plaintiffs in error, declared a mortgage, upon a promissory note in the sum of $3,600, for foreclosure of said mortgage and for judgment on said note against L. T. Sanders.

To this petition the defendants below, L. T. Sanders and wife, filed their amended answer in which they answered, first, by general denial; second, full payment and satisfaction; third, a lack of consideration; and fourth, a cross-petition for the recovery of $415 for two items that defendants below claim was wrongfully applied by plaintiff below on the note in question. Plaintiff below filed reply denying allegations of new matter in defendants' answer and crosspetition. The cause was set for trial on nonjury assignment. The defendants filed a written motion and timely request for a jury, which was heard by the court and overruled. The cause was tried to the court on May 29, 1930, and judgment rendered by the court for plaintiff, declaring instrument given to be a mortgage, granting judgment on note and ordering foreclosure of said mortgage. A timely motion for new trial was filed, presented and overruled by the court, and this appeal was perfected to this court.

The first and principal contention urged by plaintiffs in error in their briefs filed herein is that the trial court committed error in overruling their motion for new trial, because, they state, they were entitled to a trial by jury, and that by refusing a jury trial upon timely demand having been made therefor, the trial court committed error.

This case, it appears, is cast upon the proposition: Was the instrument in question, which appears as a deed absolute upon its face and bearing the signatures of L. T. Sanders and Josephine C. Sanders, husband and wife, given as an absolute deed, or as a mortgage to secure the payment of a note to plaintiff below to whom the deed was given? The attention of the trial court is necessarily challenged by this feature of the case, and evidence must be heard and this issue determined before some other relief sought could be granted.

This question was squarely presented to this court and passed upon in the case of Renas v. Green et al., 88 Okla. 169, 212 P. 755. The syllabus reads as follows:

"An action to have a deed absolute on its face declared to be a mortgage and for an accounting is one of purely equitable cognizance and neither party is entitled to a jury. In such actions, it is the duty of this court to weigh the evidence and decide the appeal in accordance therewith.

"Whether any particular transaction amounts to a mortgage, or a sale upon condition, or with agreement to reconvey upon a contingency, is to be determined by ascertaining whether the transaction was intended as a loan. The burden of proving that the instrument was intended to operate as a mortgage is upon the plaintiff, and to establish its character as a mortgage the evidence must be clear, unequivocal, and convincing."

In Bilyeu v. Branson, 86 Okla. 212, 206 P. 898, this court said:

"A court of equity which has obtained jurisdiction of a controversy on any ground or for any purpose will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter."

In Murray v. Speed, 54 Okla. 31, 153 P. 181:

"Equity, having once obtained jurisdiction, will retain it to administer complete relief; and to do so may determine purely legal rights."

And in Moschos v. Bayless, 126 Okla. 25, 258 P. 263:

"Where the gravamen of the action is of equitable cognizance, or the relief sought is an equitable remedy * * * the right to a jury trial is not given by statute."

Also, to this effect Ward v. Mid-West & Gulf Co., 97 Okla. 252, 223 P. 170.

The essential issue in this cause being, "Is this instrument to be held as an absolute deed of conveyance or as a mortgage?" there was no error in the ruling of the trial court in denying plaintiffs in error's demand for a jury trial.

As a second and further proposition, plaintiffs in error assert, but do not brief extensively, the proposition that the trial court erred in refusing certain evidence relating to the homestead feature, to which plaintiffs in error duly excepted at the time.

The refusal of this evidence would not justify a reversal of this case, because the evidence admitted discloses renewals of the note from time to time, payments thereon, retention of income from the property and various other acts of ownership on the part of the defendants, extending from the date of the instrument denominated a deed to almost the date of the filing of this action in the district court. The wife admitted voluntary execution of the deed showing consent. These, together with many other

material facts and circumstances in evidence, show that the husband and wife and the bank—all parties interested herein—must have intended the deed, at the time it was given, as a security for the debt owing the bank, and that it was to be treated as a mortgage.

Counsel for plaintiffs in error cite Bastin v. Shaffer, 15 Okla. 607, 85 P. 349, an excerpt from same being as follows:

"While all transactions in which the joinder or assent of the wife is obtained in or to any disposition of the homestead will doubtless be scrutinized by the courts with jealous vigilance, yet this will not be carried to the extent of relieving her from the consequences of her own act, which she clearly understands or should have understood."

The trial court stated in his findings:

"The evidence shows that they (the appellants) renewed their note some four times, and made payments on the note after the execution of the deed, and it is clear to my mind that it was intended as a mortgage when it was given, and accepted as a mortgage by the grantor."

The trial court's findings were proper, and no reversible error appearing in the record herein, the judgment should be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of District Judge J. Harvey Smith, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.