### SANDLIN v. PHAROAH et al.

No. 27076. March 1, 1938.

Rehearing Denied April 12, 1938.

Roddie & Beckett, for plaintiff in error.

G. L. Bynum and Carland Smith, for defendant in error O. J. Pharoah.

CORN, J. This is an appeal from a judgment of the district court of Okmulgee county, in an action instituted by J. N. Maloy for "partition of and quiet title to real estate and determination of heirs, and to require an accounting of rents and profits between the co-owners of the land." In his petition Maloy alleged that he owned an undivided one-eighth interest in a tract of land, and named Sandlin, plaintiff in error herein, and O. J. Pharoah, defendant in error herein, as parties defendant, together with all other parties whom the records disclosed had any interest, claim, or lien in or to the property.

To the petition Pharoah filed an answer and cross-petition, alleging that he held a judgment against Sandlin, rendered in 1927 in the superior court of Okmulgee county, upon which Sandlin still owed $5,000, and asked that this judgment be declared a lien against his one-eighth interest. The American National Bank of Beggs also filed answer and cross-petition, setting up a judgment it held against Sandlin, and asked that the same be decreed to be a lien. Sand-

lin filed answers setting out that he held legal title in trust for another. Later he filed an amended answer alleging full settlement with Pharoah and the bank, all of which they denied.

Early in September, 1935, the case was tried as to all issues except those between Sandlin and Pharoah and Sandlin and the bank, and as to these a continuance was granted until September 13, 1935. On the day set for trial Sandlin appeared with an attorney, who announced in open court that he withdrew as Sandlin's attorney unless his fee was paid. The court then gave Sandlin time to either raise the money to pay counsel or to employ another attorney, neither of which he did.

After hearing the case, the court found that Pharoah's judgment constituted a prior lien and that the bank's judgment was a lien, subject to that of Pharoah's, and decreed that this lien was secured by Sandlin's interest in the land involved. From this judgment Sandlin brings this appeal, relying upon five propositions set out in the motion for new trial, which was overruled.

The first proposition is that the court erred in overruling his motion for new trial. This naturally depends upon the sufficiency of the remaining propositions and will not be separately considered.

The second proposition is that the trial court was without jurisdiction to render any judgment against Sandlin on the cross-petition of the bank. Inasmuch as the controversy here is between Sandlin and Pharoah, this proposition does not merit further discussion in deciding this appeal.

Sandlin urges in his third proposition that the district court of Okmulgee county did not have jurisdiction to try the issues involved because the same issues were pending in the superior court of that county by reason of a motion to satisfy judgment on file in that court.

The record discloses that Sandlin filed no pleading nor denial of Pharoah's cross-petition until September 3, 1935, when he filed answer setting up that he did not owe anything, having already settled. Thereafter, September 13, 1935, the present case was ready for trial, and Sandlin then objected to trial for the reason that the motion was pending in the superior court, where the judgment had been rendered, requiring Pharoah to satisfy his judgment. The record, of which the judgment docket of the superior court is a part, discloses that this motion was filed September 13, 1935, which

was the first time Sandlin raised any objection to the district court trying the issues.

The journal entry in the instant case recites that the case stood for trial and Sandlin moved for a continuance as to the issues between himself and Pharoah, and the bank, and the court granted the continuance.

Sandlin had filed his answer May 28, 1935, setting up that he held legal title in trust for another. The bank filed a reply, and he was then granted leave to file an amended answer out of time, which he did September 3, 1935, alleging that he owed nothing, having settled all amounts due. To this Pharoah filed a reply denying the allegations in the answer.

By these pleadings the issues were joined and the case was ready for trial, but continuance was granted upon Sandlin's motion. We do not understand how, under the facts disclosed by the record, Sandlin can seriously contend that the trial court was without jurisdiction to try the issues simply because upon the day set for trial in the district court he had filed a motion to satisfy judgment in the superior court wherein this judgment had been rendered more than five years before. Without further discussion we hold that Sandlin could not divest the district court of jurisdiction by filing this motion in the court from which such judgment was rendered, in an attempt to raise issues there which were already joined in the district court.

Sandlin also assigns as reversible error the trial court's refusal to grant his motion for continuance on the ground that he did not have opportunity to employ counsel.

September 13, 1935, after one continuance had been granted upon his own motion, Sandlin appeared with an attorney. An oral motion for continuance was offered by Sandlin on the grounds of absence of necessary witnesses, which was overruled. The attorney for Sandlin then announced in open court his own intention to withdraw from the case unless paid part of his fee. Thereupon the court gave Sandlin time to either raise money to pay the attorney or to find other counsel, but he later returned to court without having done either, and the trial judge ordered the trial to proceed.

Throughout all proceedings Sandlin appeared as his own attorney, filing all pleadings in his own name, appearing for himself at the trial, and lodging his own appeal in this court. Under such facts we

do not believe the trial court in any sense abused its discretion in refusing to grant him a continuance on this ground. See Martin v. McCune, 170 Okla. 196, 39 P.2d 978; Pool v. Riegal, 46 Okla. 5, 147 P. 1193; and McAllister v. Ealy, 98 Okla. 223, 225 P. 146.

Sandlin knew his case was for trial and had ample opportunity to procure counsel, if in fact he really contemplated employing counsel after having acted in his own behalf so long. The trial court gave him opportunity to secure other counsel or to retain the attorney already employed by payment of a nominal sum, neither of which he did. Having failed entirely to avail himself of the opportunity given him, there is no merit to his argument that the trial court erred in denying his motion for continuance on this ground.

Sandlin further complains that the court erred in denying him the right of a trial by jury. In his brief he insists that this was an equity action, but that from the pleadings two purely law issues arose, to wit: (1) His ownership of the land involved; (2) whether he owned any amount on the judgments set up in the cross-petitions, and if so, how much? In the brief he contends that these two issues had to be decided against him before any equitable relief could be awarded, and that determination of these law questions would conclude the rights of the parties and, therefore, should have been submitted to a jury.

This was essentially a proceeding in equity to partition, quiet title, determine heirs, and to render an accounting. The principal issues had already been tried by the court, and Sandlin did not ask for a jury until he was endeavoring to gain a continuance. It is a recognized principle that when a court of equity takes jurisdiction, it has the inherent power to adjudicate all issues connected with the subject matter.

Paragraph 5 of the syllabus in Thacker v. International Supply Co., 176 Okla. 14, 54 P.2d 376, states:

"A court of equity which has obtained jurisdiction of a controversy on any ground, or for any purpose, will retain jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter."

And in McKay v. Kelly, 130 Okla. 62, 264 P. 814, this court held:

"As this cause presents both legal and equitable questions, we deem it not inappropriate to call attention to the language of this court in Brewer v. Oil Well Supply Co., 126 Okla. 108, 258 P. 866, when it said:

"'* * * When a court of equity acquires jurisdiction over a certain property its power to completely determine and settle all controversy with respect to that property is complete and comprehensive. DeRoberts v. Town of Cross, 23 Okla. 888, 101 P. 1114; Mathews v. Sniggs, 75 Okla. 108, 182 P. 713.'"

In Sanders v. Bank of Woodward, 169 Okla. 73, 35 P.2d 956, paragraph 3 of the syllabus holds:

"Equity, having once obtained jurisdiction, will retain it to administer complete relief; and to do so may determine purely legal rights. Murray v. Speed, 54 Okla. 31, 153 P. 181."

The rule that where equity takes jurisdiction it retains it to settle all matters relating to the controversy is too firmly established to permit argument here that the trial court's refusal to grant a jury trial, because a law issue was presented, divested Sandlin of his constitutional right to a jury trial.

Sandlin also contends that it was reversible error for the trial court to decree Pharoah's judgment a lien upon his property, other than that described in the foreclosure judgment. The question as to whether such judgment, if unpaid, constituted a lien on the land involved, prior to an execution sale of the mortgaged property, is raised for the first time in the supplemental brief filed in this court.

In the trial court Sandlin tried his case upon the theory that the judgment constituted a lien, but in his amended answer pleaded, "That this defendant does not at this time owe any sums whatsoever to the above-named defendants, having heretofore settled with each of them all of the amounts due them." This court has consistently held that a case will not be reviewed on appeal upon a theory not presented in the trial court.

Paragraph 1 of the syllabus in Plains Petroleum Corp. v. Hatcher, 177 Okla. 22, 57 P.2d 599, announces the rule that:

"Parties to an action, having presented their case or defense to the trial court upon a certain theory, are bound thereby, and will not be permitted to change the theory of the case upon appeal."

See also, Leckie v. Dunbar, 177 Okla. 355, 59 P.2d 275, and Cooke v. Southwest Petroleum Co., 177 Okla. 458, 61 P.2d 16.

We hold that the judgment of the trial court, decreeing Sandlin to be the owner

of an undivided one-eighth interest in the land involved, which interest was subject to Pharoah's lien, was supported by the evidence and was not contrary to law. The judgment of the trial court overruling Sandlin's demurrer to the evidence and the motion for new trial was correct.

Judgment of the trial court affirmed.

OSBORN, C. J., and PHELPS, GIBSON, and DAVISON, JJ., concur.