McMILLAN v. ATLAS LIFE INS. CO.

No. 31173. Jan. 16, 1945.

Rehearing Denied Feb. 6, 1945.

155 P. 2d 516.

Ownby & Warren, Hugh Ownby, C. A. Warren, and L. O. Todd, all of Tulsa, for plaintiff in error.

Rogers & Stephenson, Harry H. Rogers, and Logan Stephenson, all of Tulsa, for defendant in error.

WELCH, J. The action is for recovery of death benefits under a life insurance policy.

Plaintiff's petition alleged the issuance of the policy to assured on June 2, 1923, and among other allegations, the following:

"That the annual premiums necessary to keep said policy of insurance in force were thereafter paid to the defendant to the second day of June, 1932, on which date said policy of insurance was continued as term insurance as in said policy provided for a period of nine (9) years and 252 days, such policy of insurance thereby being continued in force as such term insurance to the 9th day of February, 1942."

Defendant answered denying liability upon the allegation that the policy by its own terms had expired prior to the death of the assured. No reply was filed.

The answer was filed August 18, 1941, and the court on that date set the matter for trial on the 24th day of November, 1941, upon which trial date the parties appeared and waived a jury and filed stipulation of facts whereby it was agreed that the policy was issued and premiums paid as alleged; that the copy of policy attached to petition is correct; that the assured died as alleged, and that other evidence might be adduced by the parties. The cause was reset for further trial on November 6, 1942.

Upon such trial, from evidence introduced, and colloquy between counsel, the following developed:

The chief controversy centered around the question as to what period of extended term insurance should properly be applied after payment of premiums stopped. The plaintiff contended that the extended period of nine years and 100 or more days should apply, thus carrying the insurance forward at least some time in October, 1941, or to several months beyond the date assured died on May 5, 1941. The defendant company contended that the extended period of seven years and about six months should apply, thus carrying the insurance forward only to about December, 1939, which would terminate prior to date of the death of assured on May 5, 1941.

It appeared by stipulation that in keeping with the regular custom the company preserved a card as its record or part of its record on this policy on which there was calculated and indorsed the duration of the extended

term insurance, and a notation of the date to which such term would extend; that at some time on or about June, 1932, the figure indorsed on the card showed this extended insurance would continue to October, 1941; that some time thereafter and before the trial in 1942, that figure on the card had been erased and there was entered in lieu thereof notation showing that such extended insurance would continue only to some time in December, 1939.

It was the company's contention that the first notation was an error in calculation and that the erasure and substituted notation was merely the correction of an erroneous record.

The plaintiff produced and offered in evidence a letter purportedly written to the assured from the insurance company on January 11, 1935, answering his inquiry and stating in substance that upon looking into the matter it was found that the policy went on extended term for a period of nine years and 139 days, expiring October 19, 1941. Thus it developed that plaintiff's contention was that the extended insurance continued beyond the death of the insured, or that while the records of the company specifically stated that the extended insurance continued to October, 1941, the assured had been advised that such was true and had relied upon it and had not been advised differently or of any change in the records in the company's office.

Defendant objected to the introduction of this letter in evidence, and the trial court's ruling thereon was held in abeyance or the matter was held under advisement. It was also shown by testimony of the defendant's actuary that correct calculation of the period of extended insurance under this policy could only be made by one trained or skilled in such matters. It seems that the plaintiff rested his case and the defendant demurred to plaintiff's evidence and the court reserved a ruling thereon and passed the cause for further hearing or action to March 9, 1942, without the court having ruled upon the admission in evidence of the above mentioned letter.

At that further hearing the plaintiff moved for permission to amend her pleading by reply, alleging and pleading estoppel by reason of the above-mentioned letter of January 11, 1935, and reliance thereon by the insured, and upon objection that motion and request was denied. Whereupon the court sustained defendant's objection and held the letter inadmissible and incompetent as not within the issues pleaded. The plaintiff excepted, and asked leave to file an amended petition, which was denied as being out of time and too late. Thereupon the plaintiff sought to dismiss without prejudice, but the court sustained the defendant's demurrer to plaintiff's evidence and as upon conclusion of all the evidence, and irrespective of the demurrer, found the issues for the defendant, and rendered judgment for defendant.

The principal question presented to us is whether the trial court erred in refusal to permit amendments to the pleadings. Though certain general rules in such matters may be stated, each case is of necessity governed by its own peculiar facts and circumstances.

Generally, the matter of allowing amendments is within the sound discretion of the trial court, but the trial court's action in such matters will be reversed where abuse of discretion is shown. Hill v. Henry, 190 Okla. 413, 124 P. 2d 405; McCoy v. Mayo, 73 Okla. 17, 174 P. 491, and citations therein.

Our statutes, 12 O.S. 1941 § 317, confer broad powers upon the court in allowing amendments to pleadings, and it is the settled policy in this state that such power should be liberally exercised where reasonably justified by the circumstances of the individual case. It was stated in paragraph one of the syllabus in Ganas v. Tselos, 157 Okla. 107, 11 P. 2d 571, as follows:

"The statutes, and also the decisions of the courts of this state, are extreme-

ιy liberal in permitting amendments to pleadings so long as such amendments are in furtherance of justice, and amendments which even change the cause of action may be permitted, provided they do not substantially change the plaintiff's claim."

The court must apply reasonable methods to attain procedural decorum, but effective remedies may usually be found without depriving a litigant of the right to amend as to important matters which may arise or come to the point of importance in the trial of controversies.

While the plaintiff might have made or requested this amendment at some of the earlier hearings, it seems that would have made but little difference to defendant under all the circumstances here shown. Neither plaintiff nor defendant was here undertaking to proceed in this action with any undue haste, as the action was filed in August, 1941, and some character of hearing was had on the several different occasions heretofore mentioned.

This record indicates substantial evidence of a set of facts on which the plaintiff might in good faith present a claim of estoppel against the defendant company. Of course the final value and virtue of such claim could only be determined after the claim is fully asserted by plaintiff and defended against by defendant. Apparently the trial court denied introduction of the letter in evidence because estoppel had not been pleaded, but from all the circumstances we are unwilling to agree that the request to amend pleadings came too late. Such amendment might have delayed closing the trial, but it does not readily appear that such delay would have particularly prejudiced the defendant. It it noted that the cause was pending and being tried in Tulsa, where the defendant company has its home office, and we note also that the request came before the court ruled upon the admissibility of the letter, or on the demurrer to the evidence.

Among other things the defendant company says the letter is incompetent because the writer thereof was not shown to be defendant's agent, with authority. Determination of that question cannot properly be made until the pleadings are settled on that point. We merely conclude that the trial court abused its discretion in refusing permission to plaintiff to file amended pleadings. After plaintiff amends her pleadings and defendant joins issue, the further trial will develop the evidential value of the letter in question in connection with the company's records.

In the furtherance of justice the amendment to set up plaintiff's plea of estoppel should have been allowed, and under the facts and circumstances shown here the denial of plaintiff's request in that respect is an abuse of discretion.

Other questions are not decided.

Judgment reversed, and the cause remanded for new trial, with directions to allow plaintiff to file an amended petition.

All the Justices concur.