## SOONER PIPE & IRON CO. v. BARTHOLOMEW et al.

No. 35081.   June 24, 1952.

Rehearing Denied Aug. 5, 1952.

Application for Leave to File Second Petition for Rehearing Denied Sept. 30, 1952.

*248 P. 2d 225.*

Max G. Cohen, Tulsa, for plaintiff in error.

Charles W. Pennel and A. O. Harrison, Bartlesville, for defendants in error.

PER CURIAM. This action was instituted in the district court of Osage county by the representatives of the estate of James W. Phillips, deceased, against the Sooner Pipe & Iron Company, a partnership composed of Sam Zarrow and Henry Zarrow, partners. After the entering of the judgment in this cause, the administration of the estate was concluded and the estate distributed to Bertha Bartholomew and Clifford Taylor, devisees. They were substituted as parties plaintiff.

James W. Phillips, during his lifetime, entered into a written rental contract dated October 1, 1919, as lessor, with Almeda Oil Company, as lessee, for the renting of approximately three acres of land as a lot then under fence out of the southeast quarter (S.E.¼) of the southeast quarter (S.E.¼) of section twenty-one (21), township twenty-six (26) north, range twelve (12) east, Osage county, Oklahoma. At the time the contract was entered into, there was a frame residence building, with garage, owned by the Almeda Oil Com-

pany, which was located on the three acres. The contract provided for a rental to be paid by lessee of Five ($5) Dollars per year, payable annually in advance, for a term of fifteen (15) years from the date of the lease. At the end of the term privilege was granted the lessee to extend the same from year to year at the same rental. The lease further provided that lessee had the right to remove the impovements or sell the same.

On May 12, 1938, James W. Phillips executed an instrument designated as "Receipt and Release" wherein he ratified the rental contract which was sold by the Almeda Oil Company to Barnsdall Oil Company, including the house and garage. Barnsdall Oil Company continued to pay the rentals annually on the property, and on March 29, 1943, executed bill of sale to the house to the plaintiff in error without covenants of warranty, and at the same time assigned or conveyed to plaintiff in error the lease and the rights thereunder. No ratification was secured from the landlord on this transfer, and no rental was ever paid by the plaintiff in error. This action was instituted to quiet title and for possession of the property. Defendants in error were permitted to file a second amended petition, which plead in the altenative that in the event the court should find that they were not entitled to the building in question, that they recover damages for a period of seven (7) years for occupancy of the land and for taxes paid.

Upon trial of the case a final judgment was rendered for $315 as a rental from October 1, 1943, to October 1, 1950, and providing that plaintiff in error must move the building in sixty (60) days, and further providing that plaintiff in error must pay defendants in error at the rate of $45 per year for the time they may hold or use said land, and for costs of the action.

Plaintiff in error presents seven assignments of error, which may be considered under two propositions:

First: Was the judgment of the court contrary to law; and

Second: Was the venue of the action in Osage county?

The plaintiff in error makes the contention that it acquired a valid and subsisting lease on the land under the bill of sale and transfer of the lease as aforesaid, but there was no ratification of the transfer of the lease by the landlord from Barnsdall to the plaintiff in error. Under the lease the plaintiff in error had the right to purchase the house, but the fifteen-year period had expired and it became a tenancy from year to year and would be governed by Title 41, §10, O.S. 1941, and since plaintiff in error did not secure the written assent of the landlord and did not pay the rentals, the relationship of landlord and tenant ceased to exist and the possession became wrongful.

Plaintiff in error further contends that the defendants in error were not in possession and therefore could not maintain an action for quieting title. The petition delineates the chain of title showing that the land was the allotment of James W. Phillips, an Osage Indian, and was sufficient to maintain an action to quiet title and for possession of the premises under Title 12, §1141, O.S. 1941.

Plaintiff in error further contends that the money judgment for rental and damages is erroneous for the continued occupancy of said premises. The lease contract had been breached when assigned without the landlord's ratification. Also no rentals had been paid.

Title 23, 62 O.S. 1941, provides:

"The detriment caused by the wrongful occupation of real property, in cases not embraced in Sections 2874, 2880, 2881 and 2882, is deemed to be the value of the use of the property for the time of such occupation, not exceeding six years next preceding the commencement of the action or proceeding to enforce the right to damages, and the costs, if any, of recovering the possession."

The suit having been brought in 1949 was sufficient to include all the years from October 1, 1943, and for the time plaintiff in error remained in possession. In the case of Oklahoma City v. Hill Bros., 6 Okla. 114, 50 P. 242, the court said:

"We do not construe this section to mean that plaintiffs may not recover, in an action, for rents, or the value of the premises, which may arcrue subsequent to the bringing of the action and before the verdict. The limitation is upon the time preceding the commencement of the action, and not succeeding it, that a recovery may be had. We can see no reason why, by virtue of this section, a party should be held to have abandoned a claim for rents which continued to accrue by reason of the continuance of the unlawful possession of the property, after the bringing of the action, or why he should be required to bring an additional action or actions to recover the subsequent amount or amounts falling due. Such a conclusion would not be consistent with a system of practice which gives a party a plain action for the redress of the entire wrong done him, as ours does."

Plaintiff in error further complains that the court erred in permitting defendants in error to file the second amendment to their petition on the theory that it changed the cause of action, and cite the case of Jones v. Exchange Bank of Muskogee, 124 Okla. 5, 253 P. 49, as an authority. That case was tried on the theory of agency and at the conclusion of the trial plaintiff was permitted to amend its petition to change its entire cause of action to that of subrogation. That is not the situation here. Defendants in error were permitted to amend petition to claim damages in the alternative if not awarded possession of the house.

Under Title 12, §317, O.S. 1941, the court is given broad powers to permit amendments in the furtherance of justice and to the end that the case may be fully tried in the courts on the merits if reasonably possible. McMillan v. Atlas Life Insurance Co., 195 Okla. 125, 155 P. 2d 516.

Plaintiff in error makes the further contention that the venue was not in Osage county for the recovery of damages. The action was to quiet title and for possession, and the venue was in Osage county. In an action in equity the court would retain jurisdiction for administering complete relief, including awarding of damages and doing entire justice with respect to the subject matter, and to avoid a multiplicity of suits. Ward v. Mid-West & Gulf Co., 97 Okla. 252, 223 P. 170; Sandlin v. Pharoah, 182 Okla. 442, 78 P. 2d 284; Vinson v. Oklahoma City, 179 Okla. 590, 66 P. 2d 933.

Judgment affirmed.

This court acknowledges the services of Attorneys Charles B. Steele, Garland Smith and Q. D. Gibbs, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

WELCH, CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.