**H. A. PRUITT, Plaintiff in Error,**

v.

**H. M. HAMMERS, Defendant in Error.**

No. 36979.

Supreme Court of Oklahoma.

Nov. 22, 1955.

Rehearing Denied Jan. 10, 1956.

George & George, Ardmore, for plaintiff in error.

J. B. Moore, Ardmore, for defendant in error.

DAVISON, Justice.

This is an action for damages for breach ·of contract, brought by H. A. Pruitt as plaintiff, against H. M. Hammers, as defendant. The trial court denied plaintiff the relief sought, upon the grounds that the matter was res judicata. Plaintiff has appealed. The parties will be referred to as ·they appeared in the trial court.

In 1948, while the owner of an unplatted ·tract of land in the City of Ardmore, Oklahoma, the plaintiff entered into an agreement with the defendant, which had for its purpose the subdivision of said realty into lots and blocks and the marketing of the .same. Plaintiff was to furnish the land and ·the necessary money. Defendant was to furnish his personal services. The net profits were to be equally divided between them. Plaintiff conveyed the land to defendant ·who had the title perfected and made marketable and then had a master abstract made, to be accessible to all purchasers. For the protection of plaintiff, the defendant executed and delivered to him a conveyance of a one-half undivided interest therein which said deed was not to be re-·corded.

The property was platted into lots and blocks which defendant put on the market. When a lot was sold, the defendant executed and delivered a deed to the purchaser. He then had the plaintiff give him (the defendant) a deed to the one-half undivided interest therein, which deed was for defendant's file and not to be recorded. In this manner, the purchaser's title was in no manner clouded and the equitable interests of plaintiff and defendant were kept accurate but not as a matter of public record. The venture continued for some four years when, in May, 1952, the parties decided to terminate it and to divide the remaining property.

It was agreed that certain property should become the individual property of plaintiff and that the remainder should become that of defendant. Carrying that conclusion into effect, the defendant and his wife, by proper deeds, conveyed the several parcels to plaintiff and his wife, and, in line with their custom of making former conveyances and immediately prior thereto, plaintiff and his wife executed conveyances of their undivided one half interest therein to defendant by deeds which were not to be recorded but were to be retained in defendant's files. A division of a portion of the property had been made by the parties in the same manner in October, 1951.

In August, 1952, the defendant, in violation of the agreement, placed on record, one of the deeds of May, 1952, from plaintiff and his wife to defendant and his wife. Some two months thereafter, the plaintiff here and his wife filed a suit as plaintiffs to quiet their title as against said deed that defendant had wrongfully placed of record. In that suit the defendant here and his wife were made parties defendant. Said plaintiffs also sought therein to quiet their titles to the other parcels of land as against the other unrecorded deeds and upon trial were, by proper decree of the trial court, granted the relief sought.

In May of 1954, plaintiff filed this action, seeking the recovery of some $534.06 allegedly due him by defendant, representing one half of the amount expended by plaintiff in the venture for which he had not been reimbursed. Defendant filed a motion

designated "Motion to Dismiss Petition on Grounds of Res Judicata" wherein it was urged that the issues herein were adjudicated in the suit to quiet title as above outlined. The judgment of the trial court sustained the motion and dismissed the petition with prejudice. This appeal is from that judgment.

It is our conclusion that the judgment of the trial court was correct. In the suit to quiet title the parties here were parties there, joined by their wives who were respectively in privity with their husbands with regard to the title to the realty. In the suit to quiet title, plaintiff's entire right to relief was founded upon the validity and terms of the contractual relation of the parties. For all practical purposes, it was a suit wherein specific performance of the contract was in part sought and obtained. The only difference was that the title of plaintiffs was perfected by decree of court instead of by directed conveyance from defendants. The plaintiffs therein could have recovered a judgment in that suit for all that is prayed for herein, if the evidence warranted it. In the case of Sooner Pipe & Iron Co. v. Bartholomew, 207 Okl. 191, 248 P.2d 225, 227, it was pointed out that, in this jurisdiction,

"In an action in equity the court would retain jurisdiction for administering complete relief, including awarding of damages and doing entire justice with respect to the subject matter, and to avoid a multiplicity of suits. Ward v. Mid-West & Gulf Co., 97 Okl. 252, 223 P. 170; Sandlin v. Pharoah, 182 Okl. 442, 78 P.2d 284; Vinson v. Oklahoma City, 179 Okl. 590, 66 P.2d 933."

It makes no difference that the first suit, wherein a judgment was rendered, was in equity and the second, wherein there was a plea of res judicata, was an action at law. The generally followed rule is stated in 50 C.J.S., Judgments, § 609, p. 32 as follows:

"A final decree on the merits in a suit in equity will operate as a bar or estoppel to any further litigation between the same parties on the same cause of action in a court of law".

In Freeman on Judgments, 5th Ed., Vol. 2, p. 1250, it is said,

"By reason of the well settled rule that when equity has taken jurisdiction of a suit it will afford complete relief between parties and settle all controversies growing out of the transaction forming the subject matter of the suit, some courts have taken the position that it becomes the duty of the plaintiff to present all such controversies or have his right of action therefor barred.

"And in such case it is immaterial that no attempt was made to recover damages or that the pleading in the first case was insufficient in that respect. The two claims constitute but a single cause of action."

And, in the case of Sklarsky v. Great Atlantic & Pacific Tea Co., D.C., 47 F.2d 662, 663, it was stated,

"Equitable action is bar to action at law for damages on same cause of action, where damages could have been claimed in addition to equitable relief."

In the instant case, the plaintiff's alleged cause of action was founded upon the asserted breach of the agreement with reference to the winding up of the business venture. In the suit to quiet title, plaintiffs' entire title and right to the relief sought depended upon the same contract and its breach. In either case the nonexistence of such a contract or the absence of a breach constituted a complete defense. The matter has been adjudicated. That plaintiff did not seek nor recover in the first case, all the relief to which he contends he was entitled, cannot be the basis of another lawsuit.

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all the matters litigated and determined in the former action, but also as to all matters germane to issues which could or might have been litigated therein." Covington v. Anthony, 191 Okl. 266, 128 P.2d 1012.

The judgment is affirmed.