[Civ. No. 883.   Fifth Dist.   Feb. 16, 1968.]

EDWARD R. RICHTER et al., Plaintiffs and Respondents, v. BOARD OF SUPERVISORS OF SACRAMENTO COUNTY, Defendant and Appellant.

John B. Heinrich, County Counsel, and A. J. Guetling, Deputy County Counsel, for Defendant and Appellant.

William A. Sitton for Plaintiffs and Respondents.

GARGANO, J.—This is a judgment roll appeal and we are severely handicapped by a sketchy record. Moreover, the parties did not appear at oral argument to answer questions. Thus, we find it extremely difficult, if not impossible, to resolve their conflicting versions of crucial facts allegedly established by the evidence. However, we have carefully reviewed the limited record (the exhibits in particular) and with a few critical gaps the essential facts are as follows.

Edward R. Richter and Marvel Richter, respondents herein, own real property in Sacramento County. The property is located in an R-2 (2-family residential) zone or use district as established by the Sacramento County Basic Zoning Ordinance. This ordinance prescribes the precise zoning regulations for the unincorporated area of Sacramento County and provides for the establishment of zone classifications or use districts in which specified zoning regulations are in effect. It also prescribes, *inter alia,* the procedure to be followed by the county board of supervisors (the board), the county planning commission and interested property owners to secure an amendment to the zoning regulations or a change in a zone classification or use district.

In the latter part of 1963 respondents petitioned the county to change the zone classification of their property from an R-2 zone to a C-1 (limited commercial). However, the board denied their petition on February 4, 1964. Subsequently, on October 5, 1964, the board instructed the planning commission to make further studies and recommendations on the proposed zone change. Apparently the board took the action for reconsideration on its own initiative because respondents were not eligible to renew their application for a zone change until the expiration of one year after the denial of the initial application.

On November 24, 1964, the planning commission, after holding a public hearing, recommended to the board that it change the zone classification of respondents' property from R-2 to R-3 (multiple family) instead of C-1 as originally requested by respondents. Respondents then appealed to the board of supervisors under section 26B(2) of the zoning ordinance. This section provides in part: ''Any person dissatisfied with any action of the Planning Commission may appeal therefrom to the Board of Supervisors within ten (10) days after rendition of the decision of the Planning Commission.''

On December 30, 1964, the board held a hearing on the planning commission's recommendation and by a four to one vote granted respondents' appeal. However, according to the board minutes the board did not adopt an ordinance to accomplish the zone change; the minutes merely show that respondents' appeal "is granted." According to respondents' evidence the only ordinance adopted on that day seemingly affects zone changes approved by the board of supervisors prior to December 30, 1964.[1] In addition, the transcript of the board's discussion which took place during the meeting of January 11, 1965 (and which was also introduced into evidence by respondents), supports the conclusion that the matter was continued by the board from December 30, 1964, to January 27, 1965, to enable the county counsel to prepare an agreement containing the conditions upon which the zoning change would be effectuated.

On January 27, 1965, the board, by majority vote, refused to sign the agreement which the county counsel had prepared and to take any further action to rezone respondents' property. Respondents then petitioned the Superior Court of Sacramento County for a writ of prohibition. After a court trial, judgment was granted in favor of respondents as follows:

"Now, THEREFORE, by reason of the premises, IT IS HEREBY ORDERED that a peremptory writ of prohibition in due form of law be issued out of and under the seal of this Court, addressed to said BOARD OF SUPERVISORS OF SACRAMENTO COUNTY, commanding said Board to desist and refrain absolutely from setting aside its previous decision resolving the appeal of plaintiffs EDWARD RICHTER AND MARVEL RICHTER, or from any further hearings or proceedings in the said matter, or from further adjudicating in any manner upon its decision in favor of said petitioners, EDWARD RICHTER AND MARVEL RICHTER, rezoning their said property from R-3 classification to C-1 limited commercial classification heretofore duly made upon the 30th day of December, 1964, or in anywise changing said decision so rendered in favor of said petitioners."

---

[1]The ordinance which the board of supervisors adopted on December 30, 1964, reads in part as follows: "Section 1: The comprehensive zoning plan maps listed in Subsection B of Section 2 of Ordinance No. 534, as amended, are hereby amended to show all changes of property from one zone to another approved by the Board of Supervisors prior to the date of adoption of this Ordinance. Said maps are hereby adopted and readopted as shown on the maps attached to this Ordinance on file in the office of the Clerk of the Board of Supervisors."

The crucial question presented in this litigation centers on the nature of the action which the board took when it purported to grant respondents' appeal. This follows for appellant contends that such action was legislative and hence ineffective to rezone respondents' property because it was not finalized by an amendatory ordinance. Appellant further asserts that the board could not even adopt such an ordinance until it secured a report from the county planning commission as required by Government Code section 65655 (now § 65857). On the other hand, respondents maintain that when the board granted their appeal on December 30, 1964, it acted in a quasi-judicial capacity. Therefore, they conclude that the board's decision on that date was final and, since it did not move for reconsideration as required under rule XI of Sacramento County Ordinance No. 643, its decision was also binding and conclusive.

The enabling legislation which authorizes cities and counties to adopt planning and zoning regulations and procedures is set forth in the "State Planning and Zoning Law" as incorporated in Title 7 commencing with section 65000 of the Government Code. In 1964 sections 65800, 65803, 65804 and 65655[2] contained the pertinent provisions of this law applicable to counties.

Section 65800 authorized the board of supervisors of any county to regulate the use of land and building in the unincorporated area of a county through zoning regulations by the adoption of a zoning ordinance.

Section 65803 required the board of supervisors to enact and adopt the ordinance in the same manner as it would adopt a precise plan under chapter 4 of title 7, i.e., after holding public hearings by both the board of supervisors and the county planning commission.

Under section 65804 an amendment to a zoning ordinance which changed any property from *one zone to another* or imposed any new or removed or modified any existing zoning regulation *had* to be initiated and *adopted* in the same manner as the original ordinance.

Section 65655 prohibited the board of supervisors from making any change in a zoning map, zoning classification or zoning regulation until the proposed change had been referred

---

[2]The provisions of these sections were repealed but re-enacted by the Legislature in 1965 without substantial changes. The provisions of the repealed sections may be found in Government Code sections 65850, 65853 and 65857.

to the county planning commission for a report and a copy of the report had been filed with the legislative body.

Manifestly, under the "State Planning and Zoning Law" the adoption of a zoning ordinance or the change in any zone classification, use district or zoning regulation by the board of supervisors of a county is a legislative and not a quasi-judicial act. As stated by our Supreme Court in *Johnston* v. *City of Claremont*, 49 Cal.2d 826, 834-835 [323 P.2d 71] : "A zoning ordinance constitutes the exercise of a governmental and legislative function and is subject to change by the legislative power. . . .

"The amendment of a legislative act is itself a legislative act. The power to legislate includes by necessary implication the power to amend existing legislation. Rezoning of use districts or changes of uses and restrictions within a district can be accomplished only through an amendment of a zoning ordinance, and the amendment must be made in the same mode as its original enactment."

Thus, it necessarily follows that the board's action granting respondents' appeal on December 30, 1964, was not effective to change the zoning classification of respondents' property until finalized by an amendatory ordinance, and then only if the board complied with all other requirements of the state enabling legislation. It is settled that a county is a creature of limited powers, having only those powers which are delegated to it by the Constitution or the Legislature. And when a county acts as it does here under authority derived from a statute, it must strictly follow the statutory provisions; the mode of the power is also the measure of the power (*Zottman* v. *City & County of San Francisco*, 20 Cal. 96 [81 Am.Dec. 96] ; *Miller* v. *McKinnon*, 20 Cal.2d 83 [124 P.2d 34, 140 A.L.R. 570] ).

In any event, the mere granting of respondents' appeal with nothing more was not even effective to change the zone classification of respondents' property under Sacramento County's own zoning ordinance. Section 23 of the ordinance provides in part:

"A. PROCEDURE: The Board of Supervisors may, after a report from the Planning Commission and public hearings, amend the regulations and reclassify zones herein or subsequently established.

". . . . . . . . . . . .

"D. DETERMINATION: If, from the facts presented at the public hearings or on investigation by or at the instance of

the Planning Commission, the Planning Commission finds that the public health, safety, or general welfare warrants the change in zones or regulations requested in the petition or resolution or the change of any portion of the property, the Planning Commission shall recommend such change to the Board of Supervisors and said Board *may by ordinance effect such change or any portion thereof.*'' (Italics added.)

The cases cited by respondents in support of their contrary position are clearly distinguishable. In fact, if anything, the cases demonstrate that respondents have confused a zone change with a zone variance. As we have seen, a zone change affects property owners in general, is legislative in character and requires an amendatory ordinance to become effective under both the state enabling law and the Sacramento County Zoning Ordinance. ■ On the other hand, a zone variance is the means utilized to solve a unique problem for any property owner who meets the essential conditions already specified in the basic zoning ordinance and ordinarily may be granted by a county planning commission without a zone change or any other amendment to the zoning ordinance.[3] Thus, if the application is arbitrarily denied by the planning commission or if it is denied because there is an honest dispute as to whether the essential facts required to grant the variance exist, the property owner may appeal to the legislative body for a decision. And it is with regard to such a decision that the board of supervisors does not act in a legislative capacity (See *Johnston* v. *Board of Supervisors,* 31 Cal. 2d 66 [187 P.2d 686]; and *Essick* v. *City of Los Angeles,* 34 Cal.2d 614 [213 P.2d 492]). In fact, the clear distinction between a zone change and a zone variance was carefully noted by the Supreme Court in *Johnston* v. *City of Claremont, supra,* 49 Cal.2d 826, 835, when the court stated: "It is to be noted that this is an entirely different situation from one in which a zoning ordinance confers upon the council or an official the power to grant an easement or variance in a particular case.''

---

[3]For example, under section 21A(1) of the Sacramento County Zoning Ordinance the planning director or the planning commission may grant a property owner a variance from certain zoning regulations of his property if the property owner can show ''that due to the peculiar shape, size, location or topography of the property, there are unusual conditions involved which would have made the literal enforcement of the regulation of the ordinance result in practical difficulties which are unnecessary for the purpose of the ordinance and which would deprive the subject property of privileges enjoyed by other properties in the vicinity in the same zoning district classification.''

Moreover, respondents' theory that the board of supervisors acted in a quasi-judicial capacity when it granted the appeal assumes that they had a right to appeal the recommendation of the planning commission in the first place. We are not convinced that such a right existed under the facts of this case.

■ The proposed change in the zoning classification of respondents' property was not initiated by the planning commission nor was it initiated by respondents by a petition filed with the planning commission.[4] To the contrary, it was initiated by the board of supervisors itself. Thus, the planning commission's recommendation was made directly to the board and in answer to a directive from the board. Accordingly, this recommendation was merely an essential step which empowered the board to further explore a matter which it had initiated itself, if it wished to do so. Consequently, when the planning commission acted in answer to the directive there was nothing for respondents to appeal from, at least not in the sense visualized or contemplated by section 26B(2) of the county ordinance. It would require a strained construction indeed, to interpret the section to mean that respondents had a right to appeal the recommendation of the planning commission in connection with a matter which they did not and could not initiate, particularly when the planning commission's recommendation was not final; at best it was merely advisory to the agency empowered to make the final decision.

■ As we have attempted to demonstrate, we cannot tell from the evidence whether the board adopted an ordinance to rezone respondents' property and, if so, whether it complied with the provisions of the "State Planning and Zoning Law" in general and former Government Code section 65655 in particular. We can only surmise from the state of the record that it is improbable any such ordinance was adopted. However, we can and do conclude that the trial court's findings of fact and conclusions of law are completely inadequate to support the judgment. Although the court found that respondents' property was rezoned by the board, it made no findings as to whether the zone change was accomplished by the adoption of an amendatory ordinance and, if so, whether it first complied

---

[4]Under section 23A of the county zoning ordinance a zone change may be initiated by the board of supervisors on its own initiative or by the planning commission on its own initiative, or by a petition to the planning commission by interested property owners.

with the essential requirements of the state enabling legislation. And, significantly, the trial court failed to make such findings even though they related to issues raised by the pleadings and were requested by appellant.

Moreover, the court found that respondents' appeal ''was granted and said property rezoned'' and ''no motion for reconsideration of said action was made or entertained as required by Rule XI of Ordinance 643, and said action became final.'' Thus, implicit in these findings is the court's assumption that the mere granting of respondents' appeal, with nothing more, was effective to rezone respondents' property. In fact, this inaccurate assumption is also implicit in the court's erroneous conclusion ''that the defendant Board of Supervisors acting quasi-judicially and proceeding in accordance with said Sacramento County basic Zoning Ordinance 534, resolved finally the zoning appeal of petitioners in favor of said petitioners by rezoning said property to C-1 limited commercial classification, and thereby exhausted its jurisdiction.''

██ Finally, we conclude that the language of the judgment is too inclusive. The judgment is subject to the construction that appellant is absolutely restrained from adopting future amendments to its zoning ordinance which would affect the zoning classification of respondents' property. ██ It is settled that zoning regulations are not contracts and may be modified from time to time (*Wheeler* v. *Gregg,* 90 Cal.App.2d 348 [203 P.2d 37]). ██ Thus, a county or municipality may amend its zoning ordinance as new and changed conditions warrant and require such revisions (*Jardine* v. *City of Pasadena,* 199 Cal. 64 [248 P.2d 225, 48 A.L.R. 509] ; *Robinson* v. *City of Los Angeles,* 146 Cal.App. 2d 810 [304 P.2d 814]).

For the foregoing reasons justice requires that the case be retried on all issues. Accordingly, the judgment is reversed and the case ordered retried on all issues.

Conley, P. J., and Stone, J., concurred.