J. T. GODFREY, *Sheriff, et al.* v. W. P. WRIGHT *et al.*

(Filed Feb. 11, 1899.)

1. TAXATION—*Personal Property—Statute Relating to.* Under the general revenue laws of this Territory (St. Okla. 1893, ch. 70,) only such personal property as was situated and kept in some county of this Territory on the 1st day of February of any year was subject to taxation for that year. The provisions of the act of March 8, 1895 (Sess. Laws 1895, p. 229,) only apply to and subject to taxation for any year such personal property as shall be located in any county of the Territory after the 1st day of March of such year, and do not apply to, or subject to taxation, personal property so located prior to the 1st day of March. Property brought into the Territory and located in a county after the 1st day of February, 1897, and before the 1st day of March of that year, was not subject to taxation; and taxes sought to be levied thereon under authority of the act of March 8, 1895, are absolutely void.

2. TRIAL—*Argument—Right of Party Defined.* Where a question of fact is submitted to a jury, a party has a right to be heard by counsel in argument thereon, but, where the case is tried to the court, the matter of argument is within the sound discretion of the court; and where no controverted question of fact is involved, but only the construction and determination of the scope and effect of a plain, unambiguous statute are to be determined, it is not an abuse of discretion to refuse to hear argument of counsel.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before Jno. L. McAtee, District Judge.*

*Samuel Weston*, for plaintiffs in error.

*Houston & Marum, S. L. Overstreet* and *Fred M. Elkin.* for defendant in error.

Suit by W. P. Wright and E. R. Claunch against J. T. Godfrey, sheriff, and N. V. Van Petten, to restrain the sale of property for taxes. From a decree for plaintiffs, defendants bring error. Affirmed.

Opinion of the court by

TARSNEY, J.: The defendants in error, W. P. Wright and E. R. Claunch, co-partners, after the 1st day of February, 1897, purchased in the state of Texas 2,600 head of cattle, and shipped the same to Pond Creek, in Grant county, Oklahoma Territory; all of said cattle being brought into said county on, or immediately prior to, the 14th day of February, 1897. A part of said cattle were, before the first day of March of that year, driven into Woods county; but about 1,900 head were, prior to said 1st day of March, distributed around in bunches with farmers in Grant county for keeping and feeding, and were so kept in said county until some time in March, when they were, by the township assessor of the township in which they had been located, assessed for the purposes of territorial, county, township, and school taxes. About the 20th of March, the owners being about to drive said cattle out of Grant county, and to their ranch in Wood's county, N. V. Van Petten, as treasurer of Grant county, issued a warrant for the collection of said taxes, and delivered the same to J.

T. Godfrey, the other plaintiff in error, sheriff of said county, who proceeded to levy upon 300 head of said cattle, and was about to sell the same in the collection of said taxes, when a temporary injunction, at the suit of defendants in error in this case, was issued. At the final hearing of the cause a decree was entered making the temporary injunction perpetual. From such decree this appeal was taken.

I. The question presented is, was the property of the defendants in error subject to taxation, and were the taxes sought to be levied and collected against their property authorized by law? By section 12, art. 2, ch. 70, Statutes. of Oklahoma, 1893, "All personal property is to be listed. assessed and taxed in the county where said property may be situated and kept on the first day of February, and if the owner, his agent or person having in charge such property, neglect to list it, he will be subject to the penalties. hereinafter provided." Under the revenue law, of which the provision quoted is a part, no personal property cou'd be listed, assessed, or taxed in this Territory that was not situated and kept within some county of the Territory on the 1st day of February of the year for which the taxes were sought to be assessed. It was not provided or contemplated that any personal property brought into any county of the Territory after the 1st day of February should be assessable or subject to taxation, unless it remained in the Territory until the next listing period, viz. the 1st day of February following its being brought in. If authority existed for the imposition of the taxes in question, we must look for such authority in some subsequent legislation. The contention of plaintiffs in error is that this authority is found in an act of the legislature approved March 8, 1895 (Sess. Laws 1895, p. 229.) Section

1 of that act reads as follows: "When any personal property shall be located in any county of this Territory after the first day of March of any year, which shall acquire an actual situs therein before the first day of September, such property is taxable therein for that year, and shall be assessed and placed on the tax-roll, and the tax collected as provided by this act." We cannot concur with counsel for plaintiffs in error in his contention that this act authorized the taxation in question. The facts of this case do not bring the case within either the letter or the spirit of this act. The cattle in question were not located in Grant county after the 1st day of March, 1897, but were all located in said county on or about the 14th day of February of that year. The argument that, unless this law is made to apply to this case, then all personal property brought into the Territory after the 1st day of February, and before the 1st day of March, would escape taxation entirely, may be sound as a proposition of fact, and equally sound as a proposition of law, and yet afford no authority to this court for placing upon the act the construction contended for. There is nothing ambiguous in the language of the act. The legislature had power, if they deemed it wise, to omit from taxation property coming into the Territory during the month of February. There may have been reasons sufficient, in its judgment, to warrant such omission. The power being conceded, the wisdom or expediency of its exercise is for the legislature, and not for us, to determine. The property of defendants in error was not subject to taxation for the year 1897, under the laws of 1893, because it was not in the Territory on the 1st day of February of that year. It was not made subject to taxation by the act of March 8, 1895,

because, by the clear language of that act, no property was thereby made subject to taxation, except that which was located in some county of this Territory after the 1st day of March of that year; and defendants in error's property was not located in any county of this Territory after the 1st day of March, 1897, but was located therein before that date.

Webster defines "locate": "To place; to set in a particular spot or position;" and the same author defines the word "located" as: "Placed; situated; fixed in place;" and this property was placed, situated, and therefore located, in Grant county, before, and not after, the 1st day of March, 1897. The taxes in question having been levied without authority of law, the defendants in error were entitled to the relief prayed for in their petition, and granted by the decree appealed from herein.

II    There is no merit in the contention of counsel for plaintiffs in error that the court below committed reversible error in denying counsel the right to be heard in argument. At the close of the introduction of testimony, the court declined to hear counsel upon either side in argument of the cause. While, as a general rule, it may be stated that, in the trial of an issue of fact to a jury, a party has a right to be heard by his counsel, as well as in the testimony of his witnesses, yet, where the case is tried to the court, the matter of permitting or limiting argument should rest in the sound discretion of the court. This case not involving any controverted question of fact, but only calling for a construction and determining of the scope and effect of a plain, unambiguous statute, the court had a right to determine whether any argument was required, and it was no abuse of discretion to refuse

to hear argument on such a proposition. The judgment of the court below is affirmed.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.