### ELY WALKER DRY GOODS CO. v. BLAKE.

No. 7605—Opinion Filed June 6, 1916.

(158 Pac. 381.)

1. Trial — Argument — Rights of Parties—Jury Trial.

Where a question of fact is submitted to a jury, a party has a right to be heard by counsel in argument thereof.

2. Partnership—Action on Partnership Debt —Parties—Remedy Against Surviving Partner.

Creditors may join the personal representative of the estate of a deceased partner with the surviving partner in an action on a partnership debt, without exhausting their remedy, in the first instance, against the surviving partner.

(Syllabus by Rittenhouse, C.)

Error from District Court, Garfield County; J. B. Cullison, Judge.

Two actions consolidated, one by the Ely Walker Dry Goods Company, the other by Peter's Branch of the International Shoe Company, both against J. F. Green and Grace A. Blake, administratrix of the estate of W. B. Blake, deceased. Judgment for the administratrix, and plaintiffs bring error. Reversed and remanded for new trial.

Wilson, Tomerlin & Buckholts, for plaintiffs in error.

H. G. McKeever, Frederick L. Brimi, and Parker & Simons, for defendant in error.

Opinion by RITTENHOUSE, C. It is the contention of the plaintiffs that J. F. Green and W. B. Blake, since deceased, were doing business under the firm name and style of Blake-Green Mercantile Company; that during the continuance of such partnership it became indebted to the plaintiffs; subsequently W. B. Blake died and Grace A. Blake was appointed administratrix of his estate. Ely Walker Dry Goods Company and Peter's Branch of the International Shoe Company each instituted suits in the district court of Garfield county, upon open accounts asking judgment against J. F. Green and Grace A. Blake, as administratrix of the estate of W. B. Blake, deceased.

It is alleged that certain goods were sold and delivered to the partnership during the life of W. B. Blake; that the partnership was insolvent and the assets insufficient to pay the creditors; that itemized accounts were presented to the administratrix and disallowed. Grace A. Blake filed a demurrer to the petition, which was overruled, and thereafter answered. The cause was submitted to a jury, resulting in a judgment in favor of the administratrix. The plaintiffs have perfected an appeal to this court, and assign as error the sole question that the court erred in refusing to allow counsel for plaintiffs to argue questions of fact to the jury, relying upon the case of Godfrey v. Wright, 8 Okla. 151, 56 Pac. 1051, wherein the court held:

"Where a question of fact is submitted to a jury, a party has a right to be heard by counsel in argument thereon."

In the case of Douglass v. Hill, 29 Kan. 527, Justice Brewer says:

"A party to a law suit has a right to be heard, not merely on the testimony of his witnesses, but also in the arguments of his counsel. It matters not how weak and inclusive his testimony may be, if it is enough to present a disputed question of fact upon which he is entitled to a verdict of the jury, he has a right to present in the arguments of his counsel his view of the case. This is no matter of discretion on the part of the court, but an absolute right of the party. Courts doubtless may prevent their time from being unnecessarily occupied by prolix arguments, and so may limit the time which counsel shall occupy. And, if the restriction is a reasonable one in view of the questions involved, and the testimony presented, there will be no error. State v. Riddle, 20 Kan. 716. But limiting the time of an argument and refusing to permit any argument at all are entirely different matters. The one is the exercise of a discretion, the other is a denial of a right."

The right to present to a jury, by oral argument, the views of a litigant in reference to a controverted question of fact is an absolute right over which the trial court has no discretion, except it may, in civil actions, limit the time in which arguments may be made. Defendant in error concedes that while, under ordinary circumstances, the court would commit error in refusing to allow counsel to address the jury, yet, in the instant case, it is argued that the error would not be prejudicial as the plaintiffs were not entitled to recover under the evidence. It therefore becomes necessary to ascertain whether, under the pleadings and the evidence, the plaintiffs are entitled to recover.

It is the contention of the defendant that the representative of the estate of a deceased partner cannot be joined with the surviving partner in an action at law to collect a partnership debt, as the creditors must exhaust their remedy against the surviving partner, in the first instance, and would only thereafter be entitled to maintain a suit in equity against such representative. In support of this argument, they rely upon the principle announced in Richter v. Poppenhausen, 42 N. Y. 373. This decision is based upon the fact that, under the law then in force in the state of New York, the liability for a partnership debt was not joint and several, but joint, and upon the death of the partner the estate was at law discharged from liability; the surviving partner alone could be sued, in the first instance; after exhausting such remedy, the creditor could resort to an equitable action against the representative of the estate of the deceased partner. So we have, in the New York case, an action at law, in the first in-

stance, against the surviving partner, and, in the second instance, a suit in equity against such representative. An examination of sec. 4454, Rev. Laws 1910, discloses that the liability of a partnership is joint. Sec. 6305, Rev. Laws 1910, gives to the surviving partner full control over the partnership estate, which is similar to the law in force in New York at the time of the decision in Richter v. Poppenhausen, supra. At the time this decision was rendered actions at law and suits in equity were not maintainable in the same action or same court. Sec. 4650, Rev. Laws 1910, provides that the distinctions between actions at law and suits in equity and the forms of all such actions and suits theretofore existing are abolished; and in their place there shall be but one form of action, which is called a civil action. There is therefore, under our system, one kind of action, wherein legal and equitable rights are administered in a single court, and an entire controversy may be submitted and determined, whether it be legal, equitable, or mixed. St. Louis & San Francisco R. Co. v. Richards, 23 Okla. 256, 102 Pac. 92, 23 L. R. A. (N. S.) 1032. Originally, upon the death of a partner, the obligtaions became concentrated on the surviving partner, and the estate of the deceased partner was discharged from liability, subsequently equity affording relief against such estate; but the two actions could not be consolidated because the equitable action against the representative of the estate could not be brought into the law courts. This obstacle does not exist in this jurisdiction; the equitable and the law actions are brought in the same court and are triable at one and the same time, and, while the distinction between them has not been abolished (Olsen v. Thompson, 6 Okla. 576, 52 Pac. 388), the strict form has, and both are triable in the same tribunal by the same proceedings in a civil action.

Applying to the instant case the procedure governing legal and equitable causes in the same action, it is apparent that the creditors having causes of action against the surviving partner and the right to maintain equitable actions against the representative of the estate of the deceased partner, both growing out of the same transaction, could join them in one civil action.

We, therefore, conclude that the personal representative may be joined with the surviving partner in an action on the partnership debt, without exhausting their remedy, in the first instance, against the surviving partner.

The court erred in refusing to allow oral argument, and the cause should therefore be reversed and remanded for new trial.

By the Court: It is so ordered.