## GILES v. SHAW.

No. 19742. Opinion Filed Nov. 11, 1930.

Mounts & Chamberlin, for plaintiff in error.

R. L. Christian, for defendant in error.

LESTER, V. C. J. The defendant in error secured judgment against certain sureties on appeal bond in the county court of Tillman county, and T. W. Shaw, one of the sureties, appealed from said judgment.

Judgment below arose over an appeal taken by E. G. Giles to the county court of Tillman county, Okla., from a judgment rendered before C. S. Rosson, justice of the peace in and for Frederick district, Tillman county. On appeal to the county court the case was tried de novo and judgment was again rendered in favor of the plaintiff. The latter judgment was in full force and effect when proceedings were commenced against the sureties on the appeal bond, under section 1021, C. O. S. 1921, which provides:

"When final judgment shall be rendered against the appellant in any action appealed from the justice's court, the appellate court on motion of the appellee, or any other person having an interest in such judgment, or a right to any part of the costs in such actions, after ten days' notice of such motion, to be served upon the sureties on the appeal bond of appellant by copy delivered them, may enter up judgment in the name of the appellee or his legal representatives, against the said sureties for the amount of such judgment and the costs, which, by the terms thereof, the appellant may be required to pay. Execution may be issued on such judgment as in other cases for the use and benefit of the successful party or any person interested in such judgment, or in the costs of such action. In case the bondsmen appeal from the judgment entered upon such motion, execution thereon shall be stayed 60 days."

The contention of the plaintiff in error is that the appeal bond recited that an appeal was taken from a judgment rendered by the justice of the peace on June 23, 1926. The appeal bond was executed on the 10th day of July, 1926, and was duly approved and filed with the trial justice on the 10th day of July, 1926; thereafter a transcript of the proceedings in the justice of the peace court was filed in the county court of Tillman county, and thereafter a trial de novo was had in said county court which resulted in a judgment again being entered in favor of plaintiff.

From the last judgment no appeal was taken. Thereafter proceedings were begun in said cause to secure judgment against sureties on the appeal bond.

The principal contention of the plaintiff in error on appeal is that the county court never acquired jurisdiction of the appeal for the reason that the appeal bond on its face recites that an appeal was taken from a judgment rendered on the 23rd day of June, 1926, when in fact the bond on appeal was

approved and filed by the justice of peace on the 10th day of July, 1926.

The justice of the peace before whom the judgment was rendered in the original action testified that his docket showed that judgment was entered as of June 30, 1926. He also stated it appeared that there had been some erasures in reference to said date, "but as it now stands, it is June 30, 1926."

It is a uniform rule of this court that in an action at law, where there is competent evidence reasonably tending to support the judgment, the same will not be disturbed on appeal.

It further appears that when the case was filed in the county court neither side challenged the bond or right of the defendant to appeal from the justice of peace court within the time prescribed by the statute, and the case was in every respect tried de novo.

In the case of Peters v. Holder, 40 Okla. 93, 136 Pac. 400, this court held:

" 'Trial de novo,' as used in Williams' Const. art. 7, sec. 14, providing for a trial de novo in cases on appeal from justices of the peace to the county court, means trial of the entire case anew, as if no action had been instituted in court below—a second time."

The condition of the appeal bond was regular in every way save and except possibly through an inadvertence there was a clerical error in the date upon which the case was tried and determined. The date named in the bond did not constitute any condition therein.

The appeal bond was made subject to the judgment that was to be rendered in the county court.

We do not find any merit in the contention of the plaintiff in error. Judgment is affirmed.

MASON, C. J., and HUNT, RILEY, CLARK, SWINDALL, and ANDREWS, JJ., concur. HEFNER, and CULLISON, JJ., absent.