### CRESCENT OIL CO. v. BRUMLEY.

No. 22402.    Oct. 30, 1934.

Rehearing Denied Nov. 20, 1934.

J. H. Long and W. E. Utterback, for plaintiff in error.

Sullivan & Rice, for defendant in error.

PER CURIAM. This action was commenced in the district court of Stephens county by the defendant in error, hereinafter styled plaintiff, against the plaintiff in error, hereinafter styled the defendant, for the purpose of obtaining an accounting from the defendant and a judgment in favor of the plaintiff for the amount due thereon, which was alleged to be at least $11,884. The plaintiff in his petition alleges that the defendant, Crescent Oil Company, is a partnership, composed of J. D. Abbot, L. B. Abbot, Will Abbot, and Headly Abbot, and that said defendant was engaged in the business of buying and selling, at wholesale and retail, lubricating oil and gasoline. That, in March, 1920, the plaintiff was employed by the defendant under an oral contract to operate and conduct the business of the defendant at Milburn, Okla., and that in addition to his regular salary he was to receive a commission of ten cents per gallon on all lubricating oil sold by the plaintiff for the defendant. That he continued in said employment at Milburn until about January 5, 1927, and that shortly thereafter, at the oral request of the defendant, he took charge of their business at Duncan, Okla., under an oral contract with the defendant, whereby the plaintiff was to receive one-half of the profits derived from the conduct of said business at Duncan. Plaintiff further alleges that all records of the business transactions, both at Milburn and at Duncan, are in the possession of the defendant, but he avers that he sold at least 63,000 gallons of lubricating oil while in Milburn, and that his one-half of the profits from the business so conducted at Duncan would amount to at least $7,584. Plaintiff in his petition demands that the defendant be required to produce his books of account and other records necessary for the purpose of rendering an accounting to the plaintiff of the amount so claimed to be due by the plaintiff and for judgment for such amount as may be due and owing to said plaintiff.

The defendant in its answer admits that the plaintiff was in the employ of the defendant at the places named, and during the time alleged by the plaintiff, but denies that the plaintiff was to receive any commission on the sale of lubricating oil at Milburn, and denies that the plaintiff was to receive any interest in the profits of the business at Duncan. Defendant further alleges that the plaintiff was at all times working for the defendant on a straight salary, and that during the course of said employment at Duncan the plaintiff had collected at least the sum of $1,500, from the sale of oil and gas, and that plaintiff had never accounted therefor to the defendant, and by way of counterclaim prayed judgment against the plaintiff for this amount. Defendant also pleaded that if there was ever any commission due to the plaintiff from the sale of lubricating oil at Milburn, it was barred by the statutes of limitation at the time this suit was instituted.

Plaintiff's reply is a general denial, and specifically denies ever having collected any money belonging to the defendant for which he failed to account.

Upon the issues thus formed the cause was tried to the court, and resulted in a general judgment for the plaintiff for the sum of $2,659. Motion for new trial was filed and overruled, and the defendant has appealed said cause to this court for review.

For convenience, the parties will be referred to as they appeared in the court below.

In its petition in error the defendant sets out 11 different grounds for reversal, and then says:

"We desire to present the alleged errors occurring in the trial of this case, under the following heads:

"(1) Error of the court in overruling defendant's demurrer to the plaintiff's evidence in so far as his right to recover on the alleged transaction at Milburn, Okla., for the reason that the same was barred by the statute of limitations.

"(2) Refusal of the court to allow counsel for defendant to present argument before deciding the case.

"(3) The judgment is not supported by the evidence and is excessive."

The defendant not presenting any argument or citations upon any question other than as above set out will be deemed to have waived the same. Nolan v. Schaetzel, 145 Okla. 231, 292 P. 353; Morton v. Thomason, 146 Okla. 255, 293 P. 1005.

This being an action upon contract not in writing, it is the contention of defendant that the three-year statute of limitations (sec. 185, C. O. S. 1921, 101, O. S. 1931) was a bar to any recovery on the part of plaintiff for money earned while working at Milburn.

The record shows, and counsel for defendant in their brief admit, that the plaintiff began working at Milburn in March, 1929, and quit working there in January, 1927, and that suit was filed in the court below on February 28, 1929.

Hence, it is apparent that, even conceding the statute of limitations to be applicable, still that portion of the commissions earned by plaintiff from February 28, 1926, to January, 1927, would not come within the bar of the statute. And, if any part of the commissions earned while at Milburn were not barred by the statute, a general demurrer to the evidence on that ground should have been overruled, and the trial court committed no error in so doing. State v. School District No. 3 (Kan.) 8 P. 208; Brookshire v. Burkhart, 141 Okla. 1, 283 P. 571.

At the close of the trial of the case on October 31, 1930, the court took the same under advisement until December 27, 1930, at which time the court refused to permit counsel for defendant to argue the case, and rendered judgment for plaintiff. It is contended by defendant that refusing to hear arguments from counsel is reversible error.

We must assume that the trial court was entirely satisfied with the evidence and the law applicable thereto, and although, as a general rule, a party has the right to be heard by his counsel, yet, where the case is tried to the court, the matter of permitting or limiting argument should rest in the sound discretion of the court. Godfrey, Sheriff, v. Wright, 8 Okla. 151, 56 P. 1051.

For, as was said in the case of Barnes v. Benham, 13 Okla. 582, 75 P. 1130:

"Where a case is tried to the court and it is satisfied as to the evidence and the law applicable to the matter in issue, it is not compelled to listen to argument of counsel."

From the record in this case, we cannot say that the court abused its discretion. It therefore follows that the court did not commit reversible error in refusing to hear argument.

It is next contended by defendant that the judgment of the trial court "is not supported by the evidence and is excessive," and he says that "the Milburn transaction goes out under the bar of limitations."

It has already been shown that at least a part of the "Milburn transaction" was not so barred. While there appears to be some conflict among the courts of different states as to the application of the statutes of limitations to contracts of employment of this nature, yet we believe the better line of reasoning to be that, under a contract of employment for an indefinite length of time, but where the employee is to receive a definite amount per month, the compensation of such employee becomes due and payable at the close of each month. And, where, in addition to such monthly salary, the employee is to receive a commission on all sales made by him of certain products, and no time is specified when such commission shall be paid, then, in the absence of proof of a custom or usage to the contrary, such commission will also be due and payable at the close of each month, and no demand therefor is necessary to set in motion the statute of limitations. 37 C. J. 822; Shuler v. Corl (Cal. App.) 178 P. 535.

However, there is nothing in the record from which we can determine that the trial court did not hold that the statute of limitations was a bar to a portion of plaintiff's cause of action. Counsel for defendant say in their brief, "Of course, we have no way of determining how much of this judgment was based on the proof as to amount due to him for commission on oil sold at Milburn during 82 months barred by the statute." And, by the same token, we have no way of determining that any part of the

judgment included commissions earned during that period of time. In fact, the amount of the judgment itself, being $2,659 compared to the amount claimed by plaintiff, $11,884, would seem to indicate that the court did take the statute of limitations into consideration.

The record of this case is very voluminous and contains much conflicting testimony. A jury was waived and the cause tried to the court.

Where a law action is tried to the court without the intervention of a jury, the judgment of the court will not be disturbed on appeal if there is any competent evidence reasonably tending to support the same (Giles v. Shaw, 146 Okla. 28, 293 P. 1103; Crewson v. Tulsa Industrial Loan & Invest. Co., 149 Okla. 142, 299 P. 874); and in the trial of an action at law without a jury, the decision of the court upon the weight of conflicting evidence is not reviewable on appeal. Harrison v. United States, 42 F. (2d) 736.

Although counsel seem to have considered this to have been an action at law, yet, considering the same to have been an equitable action, still the presumption is in favor of the finding of the trial court, and it will not be set aside, unless the same is against the clear weight of the evidence; and where the finding of the trial court is general, such finding is a finding of each special thing necessary to sustain the general judgment. Myers v. Hamlin, 145 Okla. 59, 291 P. 524; Forbes v. Becker, 150 Okla. 281, 1 P. (2d) 721; Davis v. Dixon, 149 Okla. 274, 300 P. 378, and, in equity cases, the judgment of the appellate court should not lightly displace the judgment of the trial court, which had the advantage of observing the witnesses and their demeanor as such. Youngblood v. Magnolia Petroleum Co., 35 F. (2d) 578.

We have carefully examined the entire record of this case, and cannot say that the judgment of the trial court is against the clear weight of the evidence.

It follows that the judgment should be, and it is hereby affirmed.

It appearing that supersedeas bond has been given, filed and approved, and copy thereof set out in the case-made, and plaintiff requesting judgment thereon, judgment should be, and is hereby rendered against the sureties on said bond for $2,659, with interest at six per cent. from December 27, 1930.

The Supreme Court acknowledges the aid of Attorneys W. O. Rittenhouse, Chas. G. Watts, and J. F. Brett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Rittenhouse and approved by Mr. Watts and Mr. Brett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.