KINDER v. BARNETT TANK LINE, Inc.

No. 32627. June 8, 1948.

*194 P. 2d 864.*

Gomer Smith and Gomer Smith, Jr., both of Oklahoma City, for plaintiff in error.

Butler & Rinehart, of Oklahoma City, for defendant in error.

WELCH, J. This action was instituted by Marie Hendrick Kinder, administratrix of the estate of Clyde Fern Kinder, deceased, against Barnett Tank Line, Incorporated, a corporation, to recover damages for the death of her intestate. The death resulted from a motor vehicle collision, which plaintiff alleges was due to the negligence of the defendant. The defendant by answer denied the allegations of negligence and alleged that the collision and resulting injuries were due to the negligence of the decedent. After all the evidence had been presented, defendant was permitted to amend its answer to plead contributory negligence.

Clyde' Fern Kinder's death resulted from a collision between a light panel truck which he was driving, and a truck-trailer being driven by an employee of the defendant. At the time of the collision Kinder was driving his truck on U. S. Highway No. 81 in a northerly direction and the truck-trailer was proceeding on the highway in a southerly direction.

There was testimony to the effect that as the trucks approached each other on the highway, each truck was traveling in a space of its right of the center line of the roadway and that when they came in close proximity the truck-trailer proceeded to its left and across the center line and into Kinder's truck and at the time of the collision was occupying space on both sides of the center line. There was testimony to the converse, and that at the time of the collision the Kinder truck was in part across the center line of the highway and the trailer-truck was on its right side of the center line.

The case was tried to a jury and resulted in a verdict for the defendant. Judgment was rendered thereon, and plaintiff seeks reversal.

It is asserted that the trial court erred in permitting defendant to introduce incompetent evidence. Hereunder, the plaintiff in her brief states:

"The defendant then offered the deposition of Bob Lester, Highway Patrolman, and said Highway Patrolman was permitted, over the objection of plaintiff, to testify as to his conclusions and opinion as to the place of impact of the truck."

No part of the testimony of the patrolman is set forth in the brief.

The case of Hadley v. Ross, 195 Okla. 89, 154 P. 2d 939, is cited and argument is based on the rules therein announced. Therein there was introduced in evidence a written report of a highway patrolman containing his conclusions as to the cause of a collision, based on what he had been told by witnesses to the accident and his observation of physical facts after the accident.

Herein, the record reflects that the patrolman witness arrived at the scene about an hour after the collision had

occurred. He testified that he was not a witness to the collision. He described the position in which he found each truck and described the two trucks. He testified concerning the nature of the surface and the width of the roadway at the scene and the location and direction of tire tracks on the roadway. He stated that he had made a written report of his investigation. The report was offered in evidence but rejected.

We have examined the entire record of the testimony of the witness and find that his testimony related only to the facts which he observed at the scene of the accident. We find no direct expression of opinion or statement of conclusion by the witness as to the cause of the collision. We observe that the court sustained plaintiff's objection when this witness was asked specifically for his opinion as to the location of defendant's truck, or the wheels thereof, when the collision occurred. We find no merit in this assignment of error.

Plaintiff asserts "the court erred in permitting defendant to file an insufficent plea of contributory negligence after both sides had rested, and when there was no evidence of contributory negligence."

On this point, plaintiff sets forth the amending paragraph defendant was permitted to insert in its answer, as shown in the motion to amend, and which reads as follows:

"Further answering, and for further defense, defendant alleges that the plaintiff's injury and death were due to, or contributed to, by his own negligence and want of care, as in this answer set forth."

It is said that the amendment brings in a new issue in the case and "such plea was insufficient in that it contained only conclusions," and, "the insufficiency of said plea is so primary and certain that we believe that there is no reason to cite authorities to that question."

Further argument is presented based on the statement that there was no evidence of contributory negligence. Cases are cited wherein there appeared no evidence of contributory negligence and it was held erroneous to give instructions thereon. Plaintiff's statement concerning the evidence here is not sufficiently supported by the record and the authorities cited have no application to the case at bar.

Herein defendant's answer reads in part as follows:

"That said collision and plaintiff's injuries resulting therefrom were caused proximately and solely by the want of due care and caution on the part of the plaintiff's intestate, Clyde Fern Kinder, in either or all of the following particulars, to wit:

"That said defendant failed and neglected to operate his said truck with due care and caution and with due regard to the safety of other vehicles on said highway; that he failed to keep a proper lookout for other vehicles on said highway; that he failed and refused to keep the same under proper control; that for the distance of more than one mile approaching the point of said collision he carelessly and negligently drove his said pickup truck back and forth from one side of the highway to the other; that as he approached the defendant's vehicle he drove his said pickup truck to his right side of the highway or the east side of the highway and then immediately before the collision, without signal or warning or without any apparent cause or reason, drove his truck to the left or west side of the highway into and against the truck of this defendant which was traveling at a slow rate of speed on its own right side or west side of the road; that the collision and resulting death of plaintiff's intestate was caused solely, proximately and entirely by his negligence aforesaid."

The driver of defendant's truck-trailer testified in reference to the events leading up to the collision with Kinder's truck as follows:

"When I first saw this cookie truck, it was approaching me from the south past the top of the hill, I was perhaps

half way up the hill, as I remember the collision and the man was driving normally on his own side of the road and perhaps, when he got about one hundred and fifty yards from me, he started over toward the center of the line and I thought, at first, he was cutting up capers, I thought it was either to me or one of the other drivers, and then, when I seen that the man didn't pull back on his own side of the road, there was something wrong, so I proceeded to pull my truck off the right of the highway, off from the slab and by that time, he had hit me."

Clearly, defendant's answer, with the amending paragraph adopting the allegations of negligence as set forth above, stated an adequate plea of contributory negligence, and the above-quoted testimony alone, if believed, was sufficient to support the plea.

Under 12 O. S. 1941 §317, trial courts are vested with wide discretion in permitting amendment to pleadings where the amendment does not change substantially the claim or defense. First National Bank in Pawhuska v. Lewis, 193 Okla. 678, 146 P. 2d 840; Miles et ux. v. Thomas et al., 194 Okla. 163, 147 P. 2d 774, and McMillan v. Atlas Life Ins. Co., 195 Okla. 125, 155 P. 2d 516.

The allegations of defendant's answer substantially set forth claims of contributory negligence without the amendment. Under the circumstances plaintiff suffered no prejudice and there was no abuse of discretion in allowing the amendment.

Plaintiff next asserts the trial court erred in refusing to permit counsel for plaintiff to complete their argument to the jury.

The record reflects that the court allowed 45 minutes to the side for the argument in this case. There were two counsel engaged in the cause for the plaintiff. One of the counsel for the plaintiff addressed the jury for 15 minutes, and concluded his remarks with a suggestion to the counsel for defendant that the case be submitted to the jury without further argument. Counsel for the defendant waived argument. A second counsel for the plaintiff requested that he be permitted to make further argument for the plaintiff. The request was denied and the cause was submitted to the jury following Mr. Black's opening argument.

Counsel stated to the trial court:

". . . it is our position that a waiver of argument is made for no other purpose than to preclude the closing argument and to keep counsel in this case from making an argument. . . ."

It is here suggested that the court abused its discretion in view of the late amendment to defendant's answer and in view of the testimony concerning the physical conditions at the scene of the collision.

In the case of Atchison, T. & S. F. Ry. Co. v. Lambert, 32 Okla. 665, 123 P. 428, in the body of the opinion there is an extensive review of the holdings of the appellate courts of various states in reference to the rules applicable to a trial court's control of argument, following which, it is said:

" . . . It seems to us that the weight of authority and sound reason support the following rule. In his opening argument the plaintiff should fully and fairly present his case to the jury. If he does so, and the defendant elects not to argue the case, the plaintiff should not be allowed to present further argument. If the plaintiff does not fully present his case, and the defendant waives his argument, the plaintiff should not be permitted to make a closing argument; but if the court, in the exercise of sound discretion, thinks the plaintiff should have leave to further present his case, then the defendant should have a right to reply to the argument, subject to the plaintiff's right to close. But whether or not the plaintiff, under these circumstances shall be permitted to make further opening argument, is a matter resting within the discretion of the trial court."

In one of the cited cases, Borden v. Briscoe, 36 Mich. 254, we note this apt

expression quoted from the body of that opinion:

"It is certainly important to the administration of justice that no one be deprived of the full benefit of counsel. And it ought not to be allowed to counsel by any strategy or artifice to prevent a fair hearing. But it is necessary, in considering this matter, to regard the ordinary course of procedure. Usually the plaintiff's opening must indicate what the defendants are expected to meet. They have a right to know what arguments are to be urged against them, and this they can only learn from the opening, inasmuch as they have no reply. In most cases, if they do not think the opening requires any arguments to fortify their case against it, they may fairly let the case go to the jury as it stands, and no reply is needed where there is nothing to be replied to. But, while this is true in theory, it is also true that, when all the testimony is in, the defendants know perfectly well before the opening what the line of argument against them must be, and that its effect upon the jury will depend more or less upon the skill and force of opposing counsel in presenting the facts. As only one counsel opens, and as where there are more than one the ground is usually divided, and the junior commonly precedes, the effect of cutting off a reply may be to prevent the whole case from being thoroughly presented. We cannot think that there is any absolute right in a defendant to produce such a result. Every court is bound in fairness to prevent such abuses. But, inasmuch as the propriety of interference must depend upon circumstances, we think the matter comes within those discretionary rules which must, unless in extreme causes, leave the trial judge to determine the course of the procedure."

We have examined the entire record herein. The issues in this case were neither manifold nor complicated. The testimony was not lengthy and the subject matter of the testimony concerned matters of common intelligence. We cannot say that the plaintiff did not fully and fairly present her case to the jury in the 15 minutes opening argument, or that she was prevented from a full presentment by the refusal of further argument by other counsel.

It is obvious that the effect of further argument by other counsel could not be foretold. We cannot speculate on whether or not plaintiff suffered prejudice by the failure of a second counsel to present an argument. Under the circumstances herein we cannot say that it was error to refuse further argument. In the absence of a clear showing to the contrary, the presumption obtains that the trial court acted within the limits of sound discretion in refusing further argument.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and GIBSON, ARNOLD, and LUTTRELL, JJ., concur. CORN, J., dissents.

