SCRIVNER–STEVENS COMPANY, a corporation, Plaintiff in Error,

v.

Thomas BOLIARIS, Defendant in Error.

No. 40099.

Supreme Court of Oklahoma.

Sept. 17, 1963.

Rehearing Denied Oct. 15, 1963.

Lytle, Soule & Emery, Oklahoma City, for plaintiff in error.

Roehm A. West, Jr., Tulsa, for defendant in error.

IRWIN, Justice.

Thomas Boliaris, hereinafter referred to as plaintiff, entered into an employment contract with Scrivner-Stevens Company, referred to as defendant, to manage defendant's grocery store in Tulsa, Oklahoma. Plaintiff moved from Chicago to Tulsa and commenced his employment in June, 1960. Plaintiff was discharged in September, 1960, and brought this action to recover damages for an alleged breach of his employment contract. Trial by jury was waived and the cause was submitted to the court. Judgment was for plaintiff and defendant perfected its appeal from the order overruling its motion for a new trial.

## PLEADINGS

Plaintiff alleged, inter alia, that defendant agreed in writing to employ him to manage its store in Tulsa; that defendant agreed to pay plaintiff the sum of $15,000.00 per year salary and one-half (½) of the net profits; that defendant guaranteed plaintiff $3,000.00 as his share of the profits for the first year or a total guarantee of $18,000.00 in salary and profits for the first year; that defendant also agreed to pay the expenses. of plaintiff in moving from Chicago to Tulsa; that he moved from Chicago to Tulsa and entered the employ of defendant on June 1, 1960, and defendant reimbursed him for his moving costs; that plaintiff continued his employment until he was wrongfully discharged by defendant in September, 1960.

Plaintiff prayed for loss of salary from October, 1960, through May, 1961; loss of

guaranteed profits in the sum of $3,000.00; and other relief.

Attached to the petition and made a part thereof was a letter set forth below which was addressed to plaintiff and signed by defendant's president, Henry Dean.

"April 15, 1960

"Mr. Thomas Boliaris

"C/O Hillman's Pure Foods

"63rd & Holsted

"Chicago, Illinois

"Dear Tom:

"Everyone in our company who has seen it are much impressed with your operation—and you.

"I have a proposition to make you. Oklahoma is young and growing. Things have not reached the static stage which they have in Chicago. A young man with your ability could make his mark quicker here in Oklahoma, in my opinion.

"The company became involved with a 16,000′ super in Tulsa about a year and a half ago. It is a splendid modern market, our prestige market in Tulsa. "We bought the market and sold it to an operator, who had only a small amount of cash. The company financed the balance. The store had leveled at about two million a year when we bought it. Audited records showed a net of approximately $40,000.00 per year above manager's drawing account. "The individual to whom we sold the market hasn't done any good. Sales have declined to approximately $1,300,-000.00. The man has developed an acute case of diabetes in addition to other troubles. He is ready to get out. "Here is the proposition. The company would buy the store from the present owner. If you would come down and take it over as manager, we would give you $15,000.00 a year salary and one-half the net profit. We would guarantee you $3,000.00 as your share of profit the first year, or a total guarantee to you the first year of $18,000.00. We

would also pay your moving expenses to Tulsa.

"At the end of the first year, if you desired, we would sell you the store for whatever cash you might have available and finance the balance. If you did not buy the store, you could continue to operate at $15,000.00 per year salary and one-half of the profits.

"Think this over. I expect to be in Chicago within two or three weeks at which time I will contact you. If your commitments make it necessary, we would hold the store for you until July 1st.

"Sincerely,
"(Sgd) Henry Dean."

Defendant's answer admitted the general allegations contained in plaintiff's petition, but denied liability on the grounds set forth in the separate proposition hereinafter discussed.

## EVIDENCE

Parol evidence was submitted by both parties concerning the conditions and circumstances surrounding the written offer of employment contained in the letter set forth above, the acceptance of the written offer by plaintiff, and the employment and discharge of plaintiff. No evidence was submitted which had the effect of contradicting, supplementing or changing the written offer of employment which was accepted by the plaintiff, except defendant's testimony that the contract of employment was subject to the express understanding that plaintiff's continued employment was conditioned upon his changing the store's operation from a loss to a profit. Plaintiff's testimony was to the effect that the matter as to his continued employment being conditioned upon his changing the store's operation from a loss to a profit was not discussed and the employment contract was not subject to such condition.

Although the written offer of employment did not constitute a contract of employment between the parties until it was accepted by the plaintiff, both parties refer to the writ-

ten offer as the contract entered into, except the conflict as to whether it was subject to the condition that plaintiff would change the operation of the store from a loss to a profit. Inasmuch as we hereinafter conclude and hold that there inheres in the trial court's judgment that plaintiff accepted defendant's letter offer of employment without change or modification, and the letter offer became the contract or an accurate memorandum thereof, and both parties refer to the letter offer as the contract, we will, for the purpose of this opinion, make the same reference.

## PROPOSITION I

Defendant contends the contract of employment between the parties did not by its terms fix its duration and, being of indefinite duration, it was terminable by either party at any time; and that it was within the Statute of Frauds because it could not be performed within one year from the making thereof and did not contain a definite term of duration.

Defendant cites Foster v. Atlas Life Ins. Co., 154 Okl. 30, 6 P.2d 805, which holds that a contract of employment which does not by its terms fix any period of employment or duration between the parties and its duration is indefinite, may be terminated by either party at any time. Defendant also cites our Statute of Frauds, Title 15 O.S. 1961, § 136, which provides, inter alia, that a contract is invalid unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent which, by its terms, is not to be performed within a year from the making thereof. Defendant also suggests that the trial court misapplied the rule of Ross v. Stricker, Okl., 275 P.2d 991, or erroneously believed that the record contains evidence of an oral agreement fixing the employment at one year.

As previously pointed out, there was no evidence submitted which contradicts, supplements or changes the employment contract as to the duration or the time the employment contract would be in force and plaintiff admits that if the employment contract does not specify the term of employment, then such contract would be terminable at the will of the defendant and he would not be entitled to recover. Plaintiff argues, however, that the contract is for a specific term of one year, and being for a specific term the issue as to whether the contract could be performed within one year from its making is immaterial and not essential to the determination of this cause.

Before discussing the issues presented, we should first point out that plaintiff does not seek damages for breach of the contract after the end of May, 1961, nor does plaintiff contend that defendant could not have terminated the contract of employment at the end of one year. Neither does plaintiff contend that the contract was for a definite duration after the expiration of one year from the time his employment began. In other words, plaintiff's theory is that the contract of employment was for a definite period of one year, beginning with the commencement of his employment on June 1, 1960, and whether it could have been properly terminated after the end of May, 1961, is not an issue and is immaterial.

We agree with plaintiff's theory, i. e., if the contract of employment constitutes a valid contract for employment for one year, the fact that the contract may be indefinite as to its duration after the one year is immaterial under the facts in this case. Also, since the contract is contested only in so far as its duration, if the same constitutes a valid contract for the employment of plaintiff for a period of one year, the same is not within the purview of the Statute of Frauds.

We will examine the contract of employment to determine if it was for a definite period of one year. In making this determination we should be mindful of our rule of law that the intention of the parties to a contract must be deduced from the entire agreement and where a contract has several provisions, the intention of the contracting parties is not to be determined from any single clause or provision, alone, but from every part and provision of it

construed together. See Simmons v. Fariss, Okl., 289 P.2d 372.

The employment contract recognizes the fact that plaintiff had been conducting a successful operation in Chicago but that if he would come to Oklahoma he "could make his mark quicker". It is evident that both parties contemplated that plaintiff would sever all his business connections with his Chicago employer. The contract also recognized that defendant had become involved in a super market in Tulsa and the business venture had not been successful and that defendant would buy the store if plaintiff would move to Tulsa and take over its operation. Defendant was aware that it would be expensive for plaintiff to move from Chicago to Tulsa and agreed to pay and did pay plaintiff's moving expenses.

Defendant also contracted to give plaintiff $15,000.00 salary and one-half of the net profits and *guaranteed plaintiff $3,000.-00 as his share of the profit the first year, or a total guarantee the first year of $18,-000.00*. In addition to the moving expenses, guarantee of salary and share of the profits the first year, defendant agreed to sell the store to plaintiff at the end of the first year if plaintiff wanted to buy it, or plaintiff could continue to operate it at a salary of $15,000.00 per year and one-half of the profits.

It is significant to note that defendant guaranteed plaintiff for the first year the sum of $18,000.00, which included $15,000.00 in salary and $3,000.00 as plaintiff's share of the profits, whether the store had a profit or loss. There is nothing in the contract which even remotely suggests anything different. However, at the end of the first year, if plaintiff did not purchase the store, plaintiff would be entitled to his salary of $15,000.00 and one-half of the profits as defendant did not guarantee plaintiff at least $3,000.00 for his share of the profits after the first year.

In examining the entire instrument and considering the facts and circumstances surrounding the offer and acceptance of the contract of employment, we can only conclude that the parties intended and did enter into a valid contract of employment for a period of one year and that the contract made no provisions for the termination thereof during such period. We can only conclude and hold that since the contract of employment was for a definite term without any provisions for the termination thereof, defendant could not properly terminate the contract during its term without the consent of the plaintiff and would be liable to the plaintiff for the detriment reasonably attributable thereto.

## PROPOSITION II

Defendant contends that plaintiff was properly discharged under the express terms of his agreement with defendant.

If we correctly understand the theory of defendant, it is that plaintiff accepted the letter offer of employment and entered the employment with the express understanding between the parties that his continued employment was conditioned upon his changing the store's operation from a loss to a profit.

The evidence relating to whether plaintiff accepted the letter offer of employment and entered the employment of defendant with the express understanding that his continued employment was conditioned upon his changing the store's operation from a loss to a profit was in conflict. Defendant testified that it was; plaintiff testified that the matter was not even discussed.

In Lowe v. Hickory, 176 Okl. 426, 55 P.2d 769, we held:

"In a civil action triable to a jury, where jury is waived and the cause is tried to the court, the findings of the trial court have the force and effect of a jury verdict, and when the finding is a general one it is a finding of every specific thing necessary to be found sustaining the general judgment.

"In such case, as in the case of a jury verdict, there being no errors of law, the judgment will not be disturbed on appeal if there is any competent evidence reasonably tending to support the conclusion of the trial court."

There inheres in the trial court's judgment that plaintiff's continued employment was not conditioned upon his changing the store's operation from a loss to a profit and there is competent evidence reasonably tending to support the conclusion of the trial court. Under these circumstances, we will not disturb the judgment of the trial court on appeal.

Finding no error in the record, the judgment of the trial court is affirmed.

Judgment affirmed.