**MISSOURI NATIONAL LIFE INSURANCE CO., Plaintiff in Error,**

**v.**

**Sheldon T. MEAD, Defendant in Error.**

**No. 40510.**

Supreme Court of Oklahoma.

June 2, 1964.

Rehearing Denied June 30, 1964.

Gavin & King, Tulsa, for plaintiff in error.

Robert J. Childers, Tulsa, for defendant in error.

BERRY, Justice.

The plaintiff brought this action to recover benefits alleged to be due under the provisions of three health and accident insurance policies issued by defendant. The issues were tried to the court and judgment was rendered for plaintiff for the total liability asserted under the policies sued upon. Motion for new trial was overruled and defendant perfected this appeal.

The following recitation satisfactorily reflects the matters which support the issues presented on appeal. On September 22, 1960, defendant company issued Policy No. 129298 to plaintiff, whereunder defendant insured plaintiff against monetary loss or indebtedness incurred for medical treat-ments resulting from accidental bodily injury. On March 20, 1961, defendant issued Policy No. 131395, insuring plaintiff against loss arising from payment of hospital expenses resulting from accidental injury. On the same date defendant also issued to plaintiff Policy No. 131396, insuring against loss by expenditure or indebtedness incurred as the result of hospital and medical expenses arising from accidental bodily injury. Premiums were payable monthly and each policy also granted the insured a ten-day grace period for renewal.

The amended petition stating a separate cause of action based upon each numbered policy sought recovery of the total sum of $1273.00 as loss incurred under the terms of such policies by reason of accidental injuries suffered by plaintiff on May 30, 1961. Plaintiff alleged he received an accidental bodily injury while changing a tire when his automobile slipped from a jack and fell against him. As a result of such injury he had been hospitalized and had expended money for necessary medical treatment, hospital bills and expenses for all of which demand for payment had been made and payment refused by defendant.

By answer defendant admitted the jurisdictional facts, corporate existence and issuance of the policies to plaintiff as alleged. Defendant specifically denied liability upon the grounds none of the policies were in force and effect by reason of plaintiff's failure to pay premiums when due and the grace period provided in the policies had expired.

Plaintiff, an independent route salesman, testified that about 10 a. m. on May 30 he was forced to try to change a flat tire on his automobile. While so engaged the car slipped from the jack, the right rear fender striking plaintiff and causing him to fall backward and thereby injuring his back. Plaintiff attempted to secure medical attention on the day of his injury, but was unable to secure an appointment with the doctor until June 12. Because of pain he did accept treatment from a chiropractor. On June 12 he was examined and x-rays dis-

closed he had suffered a back injury. Thereafter he was admitted to the hospital, treated and placed in traction and eventually underwent necessary surgical procedures.

Prior to June 12 Plaintiff submitted a combined claim to defendant seeking payment under the policies. On June 9, 1961, plaintiff had tendered the past-due premiums which defendant accepted to reinstate the previously-lapsed policies. Two witnesses testified to matters corroborating plaintiff's testimony, fixing the forenoon of May 30 as the date and time of the accident. There was no evidence that the accident did not occur prior to 12 o'clock noon on May 30, 1961. Plaintiff also introduced in evidence a sales ticket showing a credit sale to a housewife on that date. Objection to admission of the ticket in evidence upon the ground same was self-serving was overruled.

The only evidence offered by defendant was a medical certificate, executed by the doctor and submitted to defendant. The certificate was offered for the stated purpose of showing plaintiff's symptoms did not develop until two weeks following the accident. Defendant's demurrer to plaintiff's evidence was overruled and defendant introduced no other evidence although requesting the trial court to take judicial notice that May 30 was a legal holiday. Following defendant's statement that no evidence was to be introduced, plaintiff waived closing argument. After comments from the bench relative to the action and the state of the evidence the trial court rendered judgment for plaintiff for the reason the evidence showed plaintiff's accident had occurred within coverage of the policies. Upon presentation of motion for new trial, defendant assigned the trial court's comments prior to entry of judgment as an error of law.

■ The factual issue to be resolved was whether plaintiff was injured before 12 o'clock noon on May 30, 1961. The four propositions urged by defendant in seeking reversal of the judgment raise two questions. The first two contentions present argument based upon the alleged insufficiency of the evidence to support the judgment. The controlling rule in such cases recently was expressed in Syllabus 2 of Scrivner-Stevens Co., Inc. v. Boliaris, Okl., 385 P.2d 911:

"In a civil action triable to a jury, where jury is waived and the cause is tried to the court, the findings of the trial court have the force and effect of a jury verdict, and where the finding is a general one it is the finding of every specific thing necessary to be found in sustaining the general verdict, and in such case, there being no errors at law, the judgment will not be disturbed on appeal if there is any competent evidence reasonably tending to support the conclusions of the trial court."

■ In view of the quoted rule it is unnecessary to consider further the argument relative to weight and probative value of the evidence. We do not consider it necessary to discuss the argument that plaintiff failed to prove his cause by a preponderance of the evidence. The trial court's finding that an accidental injury resulting in loss to plaintiff within the terms of the coverage extended by the policies is reasonably supported by competent evidence.

■ As concerns the evidence introduced during trial, particular complaint is directed toward admission of a sales slip showing plaintiff made a credit sale on the date in question. It is urged that same was self-serving, without probative value and erroneously admitted in evidence. Assuming, for sake of argument, same was admitted improperly, such admission at most would be harmless error. This evidence clearly was no more than cumulative to other evidence introduced by plaintiff to establish the date of the accidental injury. The rule is that the party objecting to the evidence admitted has the burden of showing such evidence was both incompetent and prejudicial. Pacific Nat. Fire Ins. Co. v. Woods, Okl., 381 P.2d 824.

**524**

The remaining claim of error is a two-fold argument whereunder defendant asserts that irregularity of trial proceedings and an abuse of discretion prevented defendant from having a fair trial. The claim of irregularity arose from the trial court's remarks which defendant insists shows the court's judgment was based on prejudice against insurance companies. A portion of this argument again is directed at the weight of the evidence. The effect and weight to be given to conflicting or inconsistent testimony are questions of fact to be determined by the trier of fact and not by this Court on appeal. Fane Development Co. v. Townsend et al., Okl., 381 P.2d 1012. We decline to consider such argument further. We conclude the oral statements by the court at conclusion of the trial constitute no cause for reversal. See In re Warwick's Estate, Okl., 291 P.2d 346, Diem v. Diem et al., Okl., 372 P.2d 19 and cited cases therein.

Further prejudice is claimed to have been apparent in the trial court's refusal to allow defendant closing argument. The record discloses plaintiff's waiver of closing argument, but does not show defendant requested argument. In certain cases the right to orally argue a cause to a jury has been held to be an absolute right under prior decisions. See Ely Walker Dry Goods Co. v. Blake, 59 Okl. 103, 158 P. 381. Defendant now insists such rule is authority for requiring granting of argument where a jury has been waived. Defendant admits that generally a waiver by one litigant serves as a bar to presentation of argument by the adversary, but contends that where plaintiff waives, the defendant still is entitled to be heard. See Kinder v. Barnett Tank Line, Inc., 200 Okl. 370, 194 P.2d 864, and cases cited.

We are not impressed by either argument relied upon in view of the rule in Crescent Oil Co. v. Brumley, 169 Okl. 462, 37 P.2d 593, cited by defendant, which states:

"Where a case is tried to the court without a jury, and the court is satis-fied as to the evidence and the law applicable to the matters in issue, the trial judge is not compelled to listen to arguments of counsel, and his refusal to do so is not reversible error."

Had the trial court refused defendant's direct request for argument, such refusal would not have constituted reversible error herein.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.